**Barney McCLENITHAN, Petitioner,**

v.

**Richard L. DUGGER, Secretary, Department of Offender Rehabilitation, Respondent.**

**No. 88–108–CIV–FtM–17.**

United States District Court,
M.D. Florida,
Fort Myers Division.

July 3, 1991.

Barney McClenithan, pro se.

Martin Derovanesian, Asst. Federal Public Defender, Fort Myers, Fla., for petitioner.

David R. Gemmer, Asst. Atty. Gen., Tampa, Fla., for respondent.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Report and Recommendation by Magistrate George T. Swartz, issued on January 15, 1991, and Objections to Report and Recommendation by the State, filed on January 23, 1991.

The Magistrate's Report and Recommendation adopts certain facts contained in the record. These findings will not be disturbed, except to the extent that facts are noted as disputed in this Order.

## CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

In *Mulligan v. Kemp*, 771 F.2d 1436, 1440 (11th Cir.1985), the Eleventh Circuit concisely summarized the rules of law concerning ineffective assistance of counsel, as follows:

> The Sixth Amendment [to the United States Constitution] guarantees to criminal defendants the right to "adequate legal assistance." Claims that defense counsel's effort fell below the adequacy constitutionally required, commonly called "ineffective assistance" claims, are governed by the standards recently set forth [by the Supreme Court] in *Strickland v. Washington* [104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)]. In order to prevail, a defendant must first show that counsel's efforts fell "outside the wide range of professionally competent assistance...." If a defendant makes th[is] initial showing, he must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." If both prongs of the test are met, relief will be granted.
>
> Concerning the analysis of attorney competence, the protections of the Sixth Amendment necessarily extend to coun-

sel's activities before trial, when "consultation, thorough going investigation and preparation are vitally important." [1] *Powell v. Alabama* [53 S.Ct. 55, 77 L.Ed. 158 (1932)]. This circuit has held that "... *meaningful discussion with one's client of the realities of his case* are cornerstones of effective assistance of counsel." [emphasis added] Further complicating the inquiry is the need to evaluate the effectiveness of pre-trial actions from the standpoint of what was possible at the time rather than from the omniscient perspective made possible by a reviewing court's awareness of how the case was ultimately resolved. [citations omitted]

While there is considerable case law addressing ineffective assistance of counsel in conjunction with defendant's acceptance of a plea bargain, case law concerning this issue in conjunction with defendant's rejection of a plea bargain is sparse. In *Zamora v. Wainwright*, 610 F.Supp. 159, 161 (S.D.Fla.1985), the court noted that, as a matter of law in Florida, to establish ineffective assistance of counsel for failure to plea bargain, petitioner must prove that the prosecutor would have offered a plea and that the court would have accepted it. This position was subsequently restated by the court in *Zamora v. Wainwright*, 637 F.Supp. 439, 443 (S.D.Fla.1986), which was affirmed by the Eleventh Circuit in *Zamora v. Dugger*, 834 F.2d 956, 960 (11th Cir. 1987).

In this instance, counsel's efforts fell outside the wide range of professionally competent assistance. Counsel told petitioner that the plea bargain offered by the prosecutor would result in the same sentence (Petitioner's contention) or same actual time served (Respondent's contention) as Petitioner would be subject to upon conviction. The plea offer included a term of 15 years with a minimum mandatory sentence of 5 years. After Petitioner rejected this offer, he was tried, convicted, and sen-

1. [This right applies to state court proceedings through the Fourteenth Amendment to the United States Constitution. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

And, it applies to retained counsel as well as appointed counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).]

tenced to 30 years with a minimum mandatory sentence of 15 years. The sentence also included a $250,000 fine. A 10 to 15 year error concerning a client's liberty right and a $250,000 error concerning a client's property right is a very serious error that clearly falls outside the wide range of professionally competent assistance. Thus, the first prong of the *Strickland* test is met.

To satisfy the second prong of the test, petitioner must also demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Related specifically to a failed plea bargain, Petitioner must demonstrate that the prosecutor would have offered a plea agreement, that the petitioner would have accepted the offer, and that the court would have approved it. In this case, the prosecutor did offer a plea bargain. Petitioner has testified that he would have accepted this plea bargain if his counsel had correctly advised him of the sentencing consequences. The record also shows that counsel apologized to the trial court and prosecutor for having to proceed with trial on a case he expected to lose. Although the record does not suggest that the prosecutor and the court responded or objected to this comment, this evidence is insufficient to prove that both the prosecutor and court would have accepted the plea bargain. Therefore, Petitioner has failed to meet the second prong of the *Strickland* test.

While Petitioner's counsel erred in this situation, so too did the prosecutor. The prosecutor's client, the State of Florida, suffers the consequences of any constitutional infirmity in the criminal proceedings. Ineffective assistance of counsel is a problem that the prosecutor may be able to detect and cure quickly enough to preserve the integrity of the criminal proceedings. By so doing, the prosecutor would be protecting his client from direct or collateral attacks on the trial court proceedings by the defendant. Since such attacks are detrimental to the State, the prosecutor is guarding the State's interest by curing any such defects that are observed.

Additionally, the prosecutor should have made a good faith effort to negotiate a plea agreement with Petitioner. [*See Generally* Std. 14–3.1, A.B.A. Std.Crim. Justice.] Such an effort would necessarily include an analysis of the advantages offered under the plea agreement, as a basis for inducing Petitioner to accept the offer. The record does not demonstrate that the prosecutor undertook such an effort.

Since Petitioner has failed to prove a violation of his constitutional right to effective assistance of counsel, the Court will reverse the Magistrate's finding.

RELIEF SOUGHT

Even if Petitioner had proven a violation of his constitutional rights, this Court would have difficulty fashioning a remedy under this petition. This is not to say that other civil remedies would not be available to Petitioner, upon appropriate application and evidence regarding the same.

Magistrate Swartz recommended that the cause be remanded to the State court for resentencing, with instructions that the Petitioner be permitted to accept the terms and conditions of the original plea offer and agreement originally offered, and thereafter enter his guilty plea retroactive, of course, to his original date of conviction.

The State objected to renewing the original plea bargain because it can not at this late date receive what it had bargained for. For example, the plea bargain would have required petitioner to provide substantial assistance in the investigation of other crimes. According to the State, this effort would now be worthless, because the statute of limits has run on those crimes. The objection is valid, although it is not unique. Whenever a judicial procedure must be repeated, the State generally loses some advantage. For example, the surprise element in the State's original trial strategy is lost when a case must be retried. Therefore, the interest of restoring Petitioner's constitutional right may have been held paramount to the State's interest in maintaining the benefit of its bargain.

Requiring the prosecutor to honor his original plea bargain is essentially requiring specific performance of the original plea *offer*. "Plea agreements are contractual in nature and are measured by contract law standards." *U.S. v. Read,* 778 F.2d 1437, 1441 (9th Cir.1985), *cert. den'd,* 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986). The equitable remedy of specific performance is applicable only to a fully executed and binding contract. The plea *offer* in this case was never accepted by petitioner. At no period of time was there a binding contract that could be subject to the remedy of specific performance, so it could not have been ordered under the circumstances of this case.

This cause could have been remanded to State court for retrial. However, retrial of this case would not have afforded the appropriate relief. The case has once been tried without any Constitutional deficiencies, and the Petitioner was convicted in that trial.

Alternatively, this cause might have been remanded to State court for resentencing, with instructions that the court impose no greater sentencing burden on Petitioner than would have been imposed under the plea offer.

The remedy suggested by the State was to return the parties to the original position they were in prior to the alleged Constitutional infirmity; that is, pretrial plea negotiations. Since there is merit to this remedy, this could have been ordered. However, the Court would have interpreted the parties' original position to be that of a valid plea offer tendered to the Petitioner by the State. The State would then likely have raised the same objection that it did to the Magistrate's recommendation.

In fact, no adequate remedy may have existed in this situation. Accordingly, it is

ORDERED that the Petition for Writ of Habeas Corpus be denied.

DONE AND ORDERED.