WEBSTER, Judge.
Appellant, an inmate of the state correctional system, seeks review of a final order denying his motion seeking post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Although appellant made a number of claims in his motion, only one merits discussion.
Appellant claimed that his trial counsel was ineffective because he failed to make available for appellant’s review, despite a request that he do so, tape-recorded statements of conversations between the state’s key witness and appellant and depositions of the testimony of state witnesses, so that appellant might intelligently decide whether to accept a plea offer made by the state. According to appellant, the state offered him three years in prison in return for a guilty plea. However, because his attorney never permitted him to review the state’s evidence so that he might assess the strength of its ease, appellant rejected the offer and went to trial, as a result of which he was convicted and sentenced to 25 years in prison, with a 5-year mandatory minimum term, as an habitual felony offender, and ordered to pay a fine of $100,000.00. Appellant represents that, had he been permitted to review the state’s evidence, he would have accepted the offer.
Such allegations are legally sufficient to require that the trial court either attach to its order denying relief those portions of the record which show conclusively that appellant is entitled to no relief, or conduct a hearing. See, e.g., Ginwright v. State, 466 So.2d 409 (Fla. 2d DCA 1985) (claim that counsel denied defendant opportunity to make voluntary and informed decision regarding plea offer sufficient to require either attachment of portions of record refuting it or hearing). Because the trial court did neither, we are constrained to reverse the order as to this claim, and to remand for further proceedings. We affirm the denial of relief as to the rest of the claims made by appellant.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MICKLE and LAWRENCE, JJ„ concur.