466 So.2d 409 (1985)
Wilson L. GINWRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2401.
District Court of Appeal of Florida, Second District.
March 29, 1985.
*410 OTT, Acting Chief Judge.
Appellant appeals the lower court's summary denial of his postconviction motion, pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand.
In his motion, appellant alleged six instances of ineffective assistance of trial counsel. We find merit in only one allegation.
Appellant went to trial on a charge of second-degree murder and was found guilty by a jury. In his postconviction motion he alleges that during the course of his trial the prosecution offered to accept a plea of guilty to the lesser charge of manslaughter. Appellant further alleged that his attorney never explained the consequences of this possible plea nor took the necessary time to allow him (appellant) to make this decision. In effect, appellant claims that counsel denied him the information and opportunity to make a voluntary and informed rejection of a plea bargain offer. Appellant's allegations, if true, may be found by a trier of fact to constitute a substantial omission by defense counsel. See Morgan v. State, Case No. 63,679 (Fla. Sept. 27, 1984); Knight v. State, 394 So.2d 997 (Fla. 1981). The trial court failed to conduct an evidentiary hearing or attach portions of the record which refute the allegations. Accordingly, the trial court's denial of appellant's motion, as to this allegation, is reversed and the case is remanded to the trial court.
The trial court may either again summarily deny the motion and attach to its order those portions of the record which show conclusively that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegations presented in the motion. Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983).
We affirm the trial court's summary denial of the other allegations in appellant's motion. We reverse the order with respect to the allegation discussed above, and remand for proceedings consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
FRANK, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.