**Ronny ZAMORA, Plaintiff,**

v.

**Louie L. WAINWRIGHT, Defendant.**

**No. 84–1895–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

May 30, 1985.

Ronald S. Guralnick, Miami, Fla., for plaintiff.

Calvin L. Fox, Asst. Atty. Gen., Tallahassee & Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER REFERRING PETITION TO MAGISTRATE FOR FURTHER RECOMMENDATION

SPELLMAN, District Judge.

Ronny Zamora, through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking his convictions for first degree murder, burglary of a dwelling, possession of a firearm while committing a felony, and robbery. This Court referred the petition to a United States Magistrate for preliminary consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Court.

In her report to this Court, the Magistrate recommended that the petition be dismissed, without prejudice, because in her opinion, the petition includes both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). For the following reasons, this Court disagrees. Because the Court finds that the petitioner has adequately presented his claims to the Florida courts, this matter is referred back to the Magistrate to determine whether an evidentiary hearing should be held, to hold whatever hearings as may be necessary, and to file proposed findings and recommendations on the merits of the claim. *See* Rules 8 and 10 of the Rules Governing 2254 Cases in United States District Courts.

I

In his petition, Zamora contends that he was deprived of effective assistance of counsel in the following ways:

1. Counsel failed to file a motion to suppress the confessions and admissions of Zamora and his codefendant;

2. Counsel raised a sole defense of insanity by reason of television intoxication although the trial judge warned that no such defense exists under law and counsel further failed to introduce admissible evidence in support of the novel theory but did tell the jury that Zamora understood right from wrong, thereby undercutting an insanity defense;

3. Counsel failed to attempt to plea bargain because he wanted publicity although the prosecutor would have offered Zamora

the same plea to second degree murder as his codefendant bargained for;

4. Counsel inadequately defended count one by telling the jury Zamora understood right from wrong and offered no defense whatever as to counts two, three, and four, causing the Court to strike the insanity defense as to those counts and leaving Zamora defenseless.

5. Counsel labored under a genuine conflict of interest in that he was more interested in publicity for himself than in the defense of Zamora.

In her report to this Court, the Magistrate found that Zamora had not exhausted his state remedies on the third issue because the Florida courts have never considered the evidence that State Attorney Richard Gerstein would have accepted a plea to second degree murder.

At the hearing before the state trial court on Zamora's motion to vacate the judgment and conviction, Zamora did not present any evidence that Gerstein would have accepted a plea to second degree murder. In denying the motion to vacate on the ground that counsel was ineffective in failing to pursue a plea bargain, the state trial court stated that Zamora failed to establish that he would have been willing to accept the plea, that the State would have accepted the plea, and finally, that the court would have accepted the plea. Zamora moved to reopen the hearing so that he could present testimony by himself and by Gerstein. The trial court refused to reopen because the evidence was not newly discovered in that the evidence was available to the defendant through the exercise of due diligence. The court also held that the proposed new evidence, even if it had been presented, would not change its decision.

Zamora appealed the denial of his motion to vacate to the state appellate court, but did not specifically appeal the denial of the motion to reopen to permit Gerstein to testify. The Third District Court of Appeal affirmed the trial court and found that Zamora was not denied effective assistance of counsel by defense counsel's failure to plea bargain because Zamora had not shown that the state attorney would have accepted the plea *and* that the court would have ratified the plea. *Zamora v. State*, 422 So.2d 325, 327 (Fla. 3d DCA 1982).

The Magistrate has recommended that this Court dismiss the petition, without prejudice, so that Zamora can present Gerstein's testimony to the state courts. But any pursuit of this issue in the Florida courts would be futile. The Florida courts have already stated, *as a matter of law,* that in order to establish ineffective assistance of counsel for failure to plea bargain a defendant must establish not only that the prosecutor would have offered a plea but also that such a plea arrangement would have been acceptable to the court. Even if Gerstein testified that he would have offered a plea to second degree murder, Zamora has never even attempted to establish this other requirement.

Zamora may very well have waived his right to present Gerstein's testimony to this Court, *see Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), but Zamora should not be required to go back into state court to submit evidence that would still be inadequate to warrant relief under the legal standard articulated by the Florida courts. Claims as to which pursuit in state courts would be futile are exhausted for purposes of seeking federal habeas relief. *See, e.g., Shears v. Israel,* 712 F.2d 1220, 1222 (7th Cir.1983) (per curiam) (futility exception met when state case law precluded relief on lesser crime jury instruction claim).

II

The Magistrate also found that there was a "serious" exhaustion problem as to the fifth issue of the petition, the claim that counsel had a conflict of interest in that he was more interested in publicity for himself than in defending his client. This issue was never framed precisely this way in the state court, but it is clear that the substance of the allegation was plainly presented.

**162**

In the Florida courts, Zamora argued that counsel intended to indict the television industry rather than defend his client. He buttressed this claim by putting into evidence a civil suit filed by defense counsel against all major television stations and by a copy of a personal services contract concerning a proposed book by counsel concerning the defense of the Zamora trial. The book was to be entitled "Television: Accessory to Murder—the Ronny Zamora Story as Told by His Attorney Ellis Rubin." Moreover, Zamora presented the testimony of a former law clerk to Ellis Rubin. This clerk testified that when he questioned Rubin as to why he had failed to renew the motion to suppress Zamora's confession (which had been denied by the court for failure to comply with the rules of the court), Rubin stated that the "confessions could probably be suppressed, and Ronnie would probably be found not guilty, but if he did that, the world would never get a chance to hear his defense."

A federal habeas petitioner must first present the substance of his federal claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971). Moreover, he must state his claim in a manner which will allow the state courts a fair opportunity to rule on any applicable constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982). In the present case, Zamora alleged ineffective assistance of counsel and specifically argued that Rubin was more interested in indicting the television industry than in defending his client. This Court is of the opinion that the Florida courts were given a fair opportunity to rule on this claim even though Zamora did not specifically refer to it, as he does now, as a "conflict of interest."