625 So.2d 906 (1993)
Kenneth K. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02882.
District Court of Appeal of Florida, Second District.
October 15, 1993.
*907 PER CURIAM.
Kenneth K. Young appeals the summary denial of his motion for postconviction relief. We reverse.
Young was charged with several offenses to which he pleaded not guilty. A jury trial commenced, however, there was a mistrial. Following the second trial, Young was sentenced as a habitual offender to ten years in prison on one charge and to thirty years in prison on one of the other offenses, with a provision that he would be placed on probation for twenty years after serving the first ten years. These sentences were to run concurrently.
In his postconviction motion Young raises a claim of ineffective assistance of counsel. He alleges that prior to the commencement of the second trial, the state offered a plea agreement which called for two years' community control. Young claims defense counsel advised him to reject the plea offer because the state could not seek to have him sentenced as a habitual offender due to the fact that it had not served him with a notice of intent to habitualize. If Young's allegations are true, he may be entitled to relief. See Ginwright v. State, 466 So.2d 409 (Fla. 2d DCA 1985). Because the order of denial does not attach portions of the record refuting Young's claim, we reverse and remand for further proceedings.
On remand the trial court may again summarily deny the motion and attach to its order those portions of the record which show conclusively that Young is not entitled to relief or hold an evidentiary hearing and then rule on the allegations.
Reversed.
CAMPBELL, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.