PER CURIAM.
Roy S. Hilligenn seeks review of an adverse ruling on his motion made pursuant to Florida Rule of Criminal Procedure 3.850. We affirm on eleven of the twelve points raised, but remand for further proceedings on the claim that counsel was ineffective for failing to inform appellant of a plea offer made by the State.
All of Hilligenn’s claims involve alleged inadequacies of his trial counsel. He asserts that after trial and sentencing counsel told him that the sentence was not much harsher *362 than the pretrial offer made by the prosecution. Appellant represents this was the first he had heard of such an offer, and that counsel’s failure to convey the offer to him for consideration requires us to vacate his conviction. These allegations, coupled with appellant’s assertion that the plea offer would have been accepted, make a facially sufficient claim for relief. Majors v. State, 645 So.2d 1110 (Fla. 1st DCA 1994).
Because this claim is facially sufficient and not refuted by the record before this court, we remand for further proceedings. On remand the trial court may again deny the claim by attaching portions of the record which demonstrate appellant is not entitled to relief. Otherwise, the trial court should conduct an evidentiary hearing on this issue.
Any party aggrieved by the subsequent action of the trial court must seek appellate review within thirty days.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and QUINCE and WHATLEY, JJ., concur.