COBB, Judge.
James L. Cottle appeals the summary denial of his motion for post conviction relief filed pursuant to Rule 3.850, Florida Rules- of Criminal Procedure. On July 6, 1995, Cottle was sentenced to concurrent ten-year terms as a habitual felony offender for the third degree felonies of burglary of a motor vehicle and felony petit theft. In his 3.850 motion, Cottle raised four grounds of ineffective assistance of counsel, only one of which merits discussion. Cottle claimed that trial counsel failed to relay a plea offer, to-wit: in exchange for guilty pleas to the charged offenses, the state would not seek sentencing under the habitual offender statute. Cottle alleges that he would have accepted this plea offer.
At sentencing, the prosecutor noted that Cottle was offered a plea. Cottle at that point asserted that his attorney had not presented any plea offer. Defense counsel represented to the court' that he had a note in his file which indicated that on May 2, 1995, he informed Cottle that the state would not habitualize him if he entered a plea as charged. That note also indicated that Cot-tle denied breaking into the car and stated that he wanted a trial.
In Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992), Young was convicted of capital sexual battery after trial. Young claimed in his 3.850 motion that defense counsel did not present to him a plea offer by the state to a reduced charge and specific sentence, and further alleged that he would have accepted the plea offer and would have received a lesser sentence. This claim was deemed legally sufficient to require further proceedings. However, two of the three judges on the panel concurred specially, emphasizing that defendant must specifically prove that the trial court would have accepted the plea to the lesser charge, including the recommended sentence.
If a defendant is required to prove a fact at an evidentiary hearing, it must be alleged in the 3.850 motion. Cottle did not allege that the trial court would have accepted the plea agreement. At the time Cottle was sentenced, the court as well as the prosecutor could initiate habitual offender proceedings. See generally Young v. State, 699 So.2d 624 (Fla. 1997) (only prosecutor can initiate habitual offender proceedings, but this holding is not to be applied to cases which are final, or in pending cases where issue was not preserved). The judge could have rejected any decision by the state not to initiate habitual offender proceedings, and served the notice of intent himself.
Our court has noted that there is a strict standard of pleading and proof in these types of eases because a defendant who elects to go to trial and receives a sentence greater than the plea offer by the state has nothing to lose by alleging that he was not properly advised. *55 Young, 608 So.2d at 112-113. If a defendant was not aware of a plea offer, in many cases it would not have been brought to the court’s attention either. In those cases, whether or not the court would have accepted such a plea offer, had it been tendered, would be a matter of pure speculation. Substantial prejudice resulting from ineffective assistance of counsel would be difficult to establish. See generally, Knight v. State, 394 So.2d 997 (Fla.1981).
In Young, this court noted that the initial brief on direct appeal contained an assertion, not disputed by the state, that the trial judge had tentatively approved the proposed plea offer. Young, 608 So.2d at 113. Young is therefore distinguishable, because Cottle has not alleged that the judge approved of the plea offer before trial, or was even aware of it. Young is also distinguishable, because it was alleged that the proposed plea offer was to a reduced charge and specific sentence, which did not carry a mandatory term. In the instant case, the plea offer did not involve a lesser charge, or a specific term of years regarding the sentence. As Cottle was convicted of two third degree felonies, the court could not have imposed concurrent ten-year terms, absent the habitual offender classification. However, the court could have imposed consecutive five-year terms, also totaling ten years. Cottle did not allege that his guideline scoresheet would have required a lesser sentence.
Because Cottle did not allege that the trial court would have accepted the terms of the alleged plea offer, specifically the promise not to seek habitualization, and failed to establish that his sentence under the plea would in fact have been for a lesser term of years, his claim is legally insufficient. The order denying relief is affirmed.
AFFIRMED.
GRIFFIN, C.J., and ANTOON, J. concur.