733 So.2d 963 (1999)
James L. COTTLE, Petitioner,
v.
STATE of Florida, Respondent.
No. 91,822.
Supreme Court of Florida.
April 8, 1999.
*964 James T. Miller, Jacksonville, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Rebecca Roark Wall, Daytona Beach, Florida, for Respondent.
PER CURIAM.
We have for review Cottle v. State, 700 So.2d 53 (Fla. 5th DCA 1997), based on direct and express conflict with the decisions[1] in Seymore v. State, 693 So.2d 647 (Fla. 1st DCA 1997); Hilligenn v. State, 660 So.2d 361 (Fla. 2d DCA 1995); and Abella v. State, 429 So.2d 774 (Fla. 3d DCA 1983). At issue is whether the Fifth District erred in holding that ineffective assistance claims pertaining to an unrelated plea offer must allege that the trial court would have accepted the terms of offer to be legally sufficient. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Cottle and approve the opinions in Seymore, Hilligenn, and Abella.

PROCEEDINGS BELOW
Petitioner James L. Cottle was convicted for burglary of a motor vehicle and felony petit theft and sentenced to concurrent ten-year terms as a habitual felony offender for the two third-degree felonies. Cottle, 700 So.2d at 54. Adjudication as a habitual felony offender limits Cottle's eligibility for parole or early release. The State had previously offered to forego habitualization in return for a guilty plea by Cottle. At sentencing, the prosecution informed the court that Cottle had been given the opportunity to accept a plea offer and avoid habitual status. Id. However, Cottle immediately denied being apprised of the plea offer and asserted that he would have accepted the plea offer if given such an opportunity. Id. Counsel for Cottle disputed this claim and asserted the existence of a note indicating that he had notified petitioner of the offer, who refused it and maintained his innocence instead. The trial court rejected Cottle's attempt to avoid habitualization.
After an unsuccessful direct appeal, petitioner filed a rule 3.850 motion seeking relief on the grounds that his counsel had been ineffective in not conveying the *965 State's plea offer to him. The trial court summarily denied relief, finding that the "files and records conclusively show that the defendant is entitled to no relief as to this allegation."[2] The Fifth District did not rule upon the reason given by the trial court for its summary denial but affirmed the order, holding that petitioner's claim was legally insufficient because it failed to allege the trial court would have approved of the terms of the plea offer. Cottle, 700 So.2d at 55.

INEFFECTIVE ASSISTANCE OF COUNSEL
The primary guide for ineffective assistance claims is the United States Supreme Court's hallmark opinion in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (adopted by this Court in Downs v. State, 453 So.2d 1102 (Fla.1984)). Strickland held that claimants must show both a deficient performance by counsel and subsequent prejudice resulting from that deficiency to merit relief. Id. at 687, 104 S.Ct. 2052. In conducting this two-prong test, the court essentially decides whether the defendant's Sixth Amendment right to a fair trial has been violated. Id. at 684, 104 S.Ct. 2052. This analysis extends to challenges arising out of the plea process as a critical stage in criminal adjudication, which warrants the same constitutional guarantee of effective assistance as trial proceedings. See Hill v. Lockhart, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); see also Santobello v. New York, 404 U.S. 257, 260, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (recognizing plea bargaining as "an essential component of the administration of justice").
The first prong of the Strickland analysis requires a showing of a deficient performance. The defendant must show that counsel did not render "reasonably effective assistance." 466 U.S. at 687, 104 S.Ct. 2052. The appropriate standard for ascertaining the deficiency is "reasonableness under prevailing professional norms." Id. *966 at 688, 104 S.Ct. 2052. The caselaw uniformly holds that counsel is deficient when he or she fails to relate a plea offer to a client. United States v. Rodriguez Rodriguez, 929 F.2d 747, 752 (1st Cir.1991). Federal courts are "unanimous in finding that such conduct constitutes a violation" of the right to effective assistance. Barentine v. United States, 728 F.Supp. 1241, 1251 (W.D.N.C.1990), aff'd, 908 F.2d 968 (4th Cir.1990); see also United States ex rel. Caruso v. Zelinsky, 689 F.2d 435, 438 (3d Cir.1982) (noting that failure to inform client "constitutes a gross deviation from accepted professional standards"). State courts have also consistently held that this omission constitutes a deficiency. Lloyd v. State, 258 Ga. 645, 373 S.E.2d 1, 3 (1988); see Rasmussen v. State, 280 Ark. 472, 658 S.W.2d 867, 868 (1983) (finding duty to notify because any plea agreement is between accused and prosecutor); State v. Simmons, 65 N.C.App. 294, 309 S.E.2d 493 (1983) (holding that such an allegation ordinarily states a claim).
Many courts have cited the American Bar Association Standards for Criminal Justice as confirmation that the failure to notify clients of plea offers falls below professional standards. See, e.g., Lloyd, 373 S.E.2d at 2. The ABA standards require defense attorneys to "promptly communicate and explain to the accused all significant plea proposals made by the prosecutor." ABA Standards for Criminal Justice: Prosecution Function and Defense Function, stds. 4-6.2(b)(3d ed.1993). The commentary to standard 4-6.2 states:
Because plea discussions are usually held without the accused being present, the lawyer has the duty to communicate fully to the client the substance of the discussions. ... It is important that the accused be informed both of the existence and the content of proposals made by the prosecutor; the accused, not the lawyer, has the right to decide whether to accept or reject a prosecution proposal, even when the proposal is one that the lawyer would not approve.
Id. (emphasis added.) The Georgia Supreme Court in Lloyd noted Strickland's suggestion that the ABA standard would provide an appropriate guide for "[p]revailing norms of practice," although it did not constitute dispositive proof. 373 S.E.2d at 2. California's highest court has stressed counsel's "overarching duty to advocate the defendant's cause and the more particular duties to consult with the defendant on the important decisions and to keep the defendant informed of important developments in the course of the prosecution." In re Alvernaz, 2 Cal.4th 924, 8 Cal.Rptr.2d 713, 830 P.2d 747, 754 (1992) (quoting Strickland, 466 U.S. at 688, 104 S.Ct. 2052).
Although this Court has not explicitly enunciated this rule in the caselaw, it has approved the proposition that defense attorneys have the duty to inform their clients of plea offers. See Fla. R.Crim. P. 3.171(c)(2) (mandating that counsel advise of "(A) all plea offers; and (B) all pertinent matters bearing on the choice of which plea to enter"). Florida caselaw has heretofore consistently relied on a three-part test for analyzing ineffective assistance claims based on allegations that counsel failed to properly advise the defendant about plea offers by the State. See Lee v. State, 677 So.2d 312 (Fla. 1st DCA 1996); Seymore v. State, 693 So.2d 647 (Fla. 1st DCA 1997); Hilligenn v. State, 660 So.2d 361 (Fla. 2d DCA 1995); Abella v. State, 429 So.2d 774 (Fla. 3d DCA 1983). Each of these cases hold that a claim must allege the following to make a prima facie case: (1) counsel failed to relay a plea offer, (2) defendant would have accepted it, and (3) the plea would have resulted in a lesser sentence.

PREJUDICE
Under Strickland, claimants must, of course, also demonstrate that counsel's omission was prejudicial to their cause. Typically, claimants must show that "counsel's *967 errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. at 687, 104 S.Ct. 2052. However, courts have held that where counsel failed to disclose a plea offer, the claim is not legally insufficient merely because the claimant subsequently received a fair trial. People v. Curry, 178 Ill.2d 509, 227 Ill.Dec. 395, 687 N.E.2d 877, 882 (1997); In re Alvernaz, 8 Cal.Rptr.2d 713, 830 P.2d at 753 n. 5 (noting that no court has found a valid claim to be "remedied by a fair trial"). In lieu of a "fair trial" test for prejudice, the Supreme Court has crafted a test for claims of ineffective assistance arising out of the plea stage. For example, the Court has held that a claimant must demonstrate that "there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. 366.
Where the defendant was not notified of a plea offer, courts have held that the claimant must prove to a "reasonable probability that he [or she] would have accepted the offer instead of standing trial." State v. Stillings, 882 S.W.2d 696, 704 (Mo. Ct.App.1994) (rejecting claim where evidence showed appellant would have refused to plead guilty if made aware of plea offer); see also State v. James, 48 Wash. App. 353, 739 P.2d 1161, 1167 (1987) (requiring a "reasonable probability that but for an attorney's error, a defendant would have accepted a plea agreement").

FLORIDA CASES
As noted above, before Cottle, and consistent with the practice in the federal courts and other state courts, courts in this state have recognized claims arising out of counsel's failure to inform a defendant of a plea offer, and have required a claimant to show that: (1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced, (2) defendant would have accepted the plea offer but for the inadequate notice, and (3) acceptance of the State's plea offer would have resulted in a lesser sentence. See Young v. State, 608 So.2d 111, 113 (Fla. 5th DCA 1992) (citing United States ex rel. Caruso v. Zelinsky, 689 F.2d 435, 437 (3d Cir. 1982)); accord Rosa v. State, 712 So.2d 414, 415 (Fla. 4th DCA 1998); Gonzales v. State, 691 So.2d 602, 603 (Fla. 4th DCA 1997); Van Dyke v. State, 697 So.2d 1015, 1015 (Fla. 4th DCA 1997); Seymore v. State, 693 So.2d 647, 647 (Fla. 1st DCA 1997); Lee v. State, 677 So.2d 312, 313 (Fla. 1st DCA 1996); Steel v. State, 684 So.2d 290, 291-92 (Fla. 4th DCA 1996); Hilligenn v. State, 660 So.2d 361, 362 (Fla. 2d DCA 1995); Graham v. State, 659 So.2d 722, 723 (Fla. 1st DCA 1995); Wilson v. State, 647 So.2d 185, 186 (Fla. 1st DCA 1994) (finding the foregoing elements stated "colorable ground for relief); Majors v. State, 645 So.2d 1110, 1110 (Fla. 1st DCA 1994) (finding a "sufficient" basis for an evidentiary hearing); Ginwright v. State, 466 So.2d 409, 410 (Fla. 2d DCA 1985) (remanding because the "allegations, if true, may be found by a trier of fact to constitute a substantial omission by defense counsel"); Young v. State, 625 So.2d 906 (Fla. 2d DCA 1993); Martens v. State, 517 So.2d 38, 39 (Fla. 3rd DCA 1987), review denied, 525 So.2d 879 (Fla.1988).[3]But see Zamora v. Wainwright, 610 F.Supp. 159, 161 (S.D.Fla.1985) (noting that claim of failure to plea bargain must allege the State would have offered plea and court would have accepted it).[4]

*968 CURRY

The Illinois Supreme Court recently discussed the issue before us and rejected the additional mandatory requirement for such claims of proof of court acceptance of a plea offer after extensively reviewing the law of other jurisdictions and finding the consensus weighed against such a requirement. Curry, 227 Ill.Dec. 395, 687 N.E.2d at 889-90. The Curry court, in rejecting such a requirement, reasoned that it "is at odds with the realities of contemporary plea practice and presents inherent problems of proof." Id., 227 Ill.Dec. 395, 687 N.E.2d at 890 (citation omitted). The court found that "the majority of cases from other jurisdictions do not require a defendant to prove that the trial judge would have accepted the plea agreement". Id., 227 Ill.Dec. 395, 687 N.E.2d at 889; see, e.g., Turner v. Tennessee, 858 F.2d 1201, 1207 (6th Cir.1988), vacated on other grounds, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989); Caruso, 689 F.2d at 438 n. 2; Williams v. State, 326 Md. 367, 605 A.2d 103, 110 (1992); Commonwealth v. Napper, 254 Pa.Super. 54, 385 A.2d 521, 524 (1978); Judge v. State, 321 S.C. 554, 471 S.E.2d 146, 148-49 (1996).
In Turner, the Sixth Circuit also rejected the notion that claimants must establish that the trial court would have approved the plea offer. 858 F.2d at 1207. While the court recognized that court approval was a necessary precedent to a binding plea, it uncovered "no case or statute that imposes such a requirement, and we think it unfair and unwise to require litigants to speculate as to how a particular judge would have acted under particular circumstances." Id.
Other courts have also noted that due to the speculative nature of this counter-factual inquiry, it would be extremely difficult to resolve. See, e.g., Napper, 385 A.2d at 524. The burden may not be justifiable, moreover, considering the gravity of the constitutional right deprived when counsel fails to inform a criminal defendant of a plea offer. Id. As an alternative to the requirement, the Napper court viewed any uncertainty of court approval in light more favorable to the claimant. Id. The court observed:
[W]e cannot be sure that the trial court... would have accepted the plea bargain. These uncertainties, however, in no way affect the fact that counsel, for no good reason, failed to take action that *969 arguably might have furthered appellant's interests. In other words: It cannot be denied that upon proper advice, appellant might have accepted the offered plea bargain; nor that, while a court may reject a plea bargain, as a practical matter-especially in crowded urban courts-this rarely occurs.
Id.

CONCLUSION
We agree with the holding in Curry and other decisions rejecting a requirement that the defendant must prove that a trial court would have actually accepted the plea arrangement offered by the state but not conveyed to the defendant. Those courts have correctly noted that any finding on that issue would necessarily have to be predicated upon speculation. In essence, the holdings of these cases suggest, and we agree, that an inherent prejudice results from a defendant's inability, due to counsel's neglect, to make an informed decision whether to plea bargain, which exists independently of the objective viability of the actual offer. Cf. Hill, 474 U.S. at 56-57, 106 S.Ct. 366 (reasoning that the validity of plea bargain hinged on the defendant's informed volition); see also United States v. Day, 969 F.2d 39, 43 (3d Cir.1992) (reasoning that defendant has a right to an informed decision to plea bargain); Williams, 605 A.2d at 110 (noting that courts presume prejudice from the inference that a "defendant with more, or better, information, would have acted differently").
That is not to say, however, that a defendant making such a claim does not carry a substantial burden.[5] In its earlier opinion in Young, the Fifth District properly emphasized that claimants are held to a strict standard of proof due to the incentives for a defendant to bring such a post trial claim. 608 So.2d at 112-13. Consistent with the prior Florida caselaw we have discussed above, the Fifth District instructed: "Appellant must prove his counsel failed to communicate a plea offer..., that had he been correctly advised he would have accepted the plea offer, and that his acceptance of the state's plea offer would have resulted in a lesser sentence." Id. at 113. We agree that these are the required elements a defendant must establish in order to be entitled to relief.[6]
In conclusion, we quash the decision under review and approve Seymore, Hilligenn and Abella. We remand this case for further proceedings consistent herewith.
It is so ordered.
SHAW, ANSTEAD, and PARIENTE, JJ., and KOGAN, Senior Justice, concur.
WELLS, J., dissents with an opinion, in which HARDING, C.J., concurs.
OVERTON, Senior Justice, dissents with an opinion, in which HARDING, C.J., and WELLS, J., concur.
*970 WELLS, J., dissenting.
I agree with the majority that there should be no requirement that the trial court would have accepted the terms of the alleged plea offer. The proof of what a trial judge "would have done" is necessarily speculative, hindsight looking, and problematic because of the disruptive effect to the judicial system of judges becoming witnesses in postconviction proceedings.
However, I would approve rather than quash the decision of the Fifth District because of its determination that "Cottle did not allege that his guideline scoresheet would have required a lesser sentence." The majority acknowledges that to be legally sufficient, Cottle's claim had to "allege that his acceptance would have resulted in a lesser sentence." Therefore, the majority's decision is erroneous in quashing the Fifth District's decision. I am concerned that the majority's quashing of the district court will confuse whether Cottle's motion was properly denied for that reason.
HARDING, C.J., concurs.
OVERTON, Senior Justice, dissenting.
I concur in the dissent of Justice Wells and write further to express my concern that the majority has not discussed the expressed finding by the trial judge that the plea offer had been conveyed. The trial judge made the following expressed finding in this case:
The Defendant's first allegation is that his trial counsel failed to relay a plea offer to him. At the Defendant's sentencing hearing he denied that his attorney presented a plea offer to him. His attorney stated at that time that the notes in his file indicated he related the plea offer to the Defendant on May 2, 1995, and that the Defendant denied breaking into the car and wanted a trial. A copy of pages 13 and 14 of the Defendant's sentencing hearing held July 6, 1995, is attached hereto as Exhibit # 1. The files and records conclusively show that the Defendant is entitled to no relief as to this allegation.
It is clear from the record at the initial sentencing that this issue was raised and rejected by the trial judge. This is an issue that was raised in the initial trial and sentencing proceedings and should have been raised on appeal. It was rejected by that trial judge. A 3.850 proceeding is not intended to give a defendant a second bite at the apple. That is what this defendant seeks and that is what the majority is providing this defendant. There is clearly no justification to give this defendant another hearing on this issue.
HARDING, C.J., and WELLS, J., concur.
NOTES
[1] Petitioner also cites Lee v. State, 677 So.2d 312 (Fla. 1st DCA 1996), as a basis of conflict.
[2] At sentencing the following colloquy took place when the State asserted as an additional ground for habitualization that Cottle had turned down a plea offer that would have avoided habitualization:

MR. MEREDITH: Your Honor, let the record also reflect that the Defendant was given the opportunity to enter a plea to the charges, guilty as charged without being adjudicated 
THE DEFENDANT: No. Excuse me.
MR. MEREDITH:and the State seeking no habitualization.
THE DEFENDANT: I was never presented by my lawyer to the plea bargain deal, never once.
MR. WOOLBRIGHT: My first note was 
THE DEFENDANT: He took me straight to trial. I would have plea bargained.
MR. WOOLBRIGHT: I have a note on 5-2-95, ask the Defendant, State would do no `bitch, plea as charged, but that's over now. I believe that notethat is my writing. That note was if he plead right then, they would not have `bitched him.
THE DEFENDANT: I was never offered a plea bargain from nobody in this county.
MR. WOOLBRIGHT: And I related that to him on 5-2-95.
THE DEFENDANT: I got this fraudulent use of a credit card in Jacksonville and I told the detective where I got the credit card and told him the whole thing. You can even speak to him about it because he knows. I was never offered no deal. My dad even talked to Tom Cushman after the sentence, after I was found guilty in trial.
MR. WOOLBRIGHT: Your Honor, I have 
THE DEFENDANT: I never took nothing to trial and you can see in the scoresheet I ain't never hurt nobody, I am not violent.
MR. WOOLBRIGHT: Your Honor, my note on 5-2-95 related to he denied breaking in the car and wanted a trial.
THE COURT: I understand that, and of course no one is required to plea bargain.
THE DEFENDANT: I was never offered one.
THE COURT: I understand that. They are not required to offer one to you.
We agree with Cottle that this colloquy does not conclusively demonstrate that he is entitled to no relief. There is no indication in the record that the trial court ever conducted a hearing or otherwise factually resolved Cottle's claim that he was not told of the plea offer, and the colloquy itself is insufficient to serve as a substitute for a hearing. Of course, claims of ineffectiveness of counsel must be raised in a postconviction proceeding for the very reason that an evidentiary hearing may be required to resolve such factual disputes.
[3] This approach comports with our postconviction rule, which states: "Unless the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief, the court shall order ... action as the judge deems appropriate." Fla. R.Crim. P. Rule 3.850(d); State v. Leroux, 689 So.2d 235, 236 (1996)(stating that "under the express provisions of rule 3.850, relief may be summarily denied where the record conclusively refutes such a claim").
[4] In Zamora, the federal district court found that the contemporaneous law in Florida required a showing of trial court approval, concluding that:

The Florida courts have already stated, as a matter of law, that in order to establish ineffective assistance of counsel for failure to plea bargain a defendant must establish not only that the prosecutor would have offered a plea but also that such a plea arrangement would have been acceptable to the court.
Id. at 161. The federal court did not cite authority for this proposition, although the assertion followed a statement that the state appellate court in Zamora v. State, 422 So.2d 325 (Fla. 3d DCA 1982), had rejected the claim on this basis. Interestingly, the Third District did not address the point nor did it cite any authority for this novel requirement. The Zamora court, instead of announcing a new element of the ineffective assistance claim, decided the merits of a claim that involved a peculiar twist of the ordinary allegation that counsel failed to plea bargain. Id. at 327. It qualified its ultimate holding by emphasizing the distinctive nature of the case:
Zamora's detention and indictment were widely followed by the media and the case readily became a cause celebre. The state attorney publicly announced he would seek the death penalty. In this hapless position, Zamora's defense counsel did not inaugurate an attempt to plea bargain. There was evidence before the trial court that the assistant state attorneys directly responsible for Zamora's prosecution would have been willing to consider a plea to second degree murder in lieu of proceeding to trial on the first degree murder charge. The flaw in this argument is simply that the assistant state attorneys were never shown to have any authorization whatsoever to conclude such a negotiation. Furthermore, even after a plea negotiation has been agreed upon, it must still be ratified by the court. This powerful case, magnified by media attention and public clamor and the state attorney's announced intention to seek the death penalty, makes it entirely too imponderable to consider whether plea negotiations would have been fruitful.
Id.
[5] Indeed, a factual issue appears to exist in this case since Cottle's trial lawyer has already gone on record as claiming that he did convey the state's offer to the defendant. See supra note 2.
[6] If the claim is sufficiently alleged, the court should order an evidentiary hearing. Steel, 684 So.2d at 291-92 (noting that an evidentiary hearing is "necessary to establish the terms of the plea offer, when the offer was made, and whether the pre-trial offer was more favorable than the sentence defendant received"). On the other hand, the State may rebut the allegations by citing "oral statements to the contrary as reflected in the transcript of a sentencing hearing, or by written statements to the contrary contained in a negotiated plea." Eady v. State, 604 So.2d 559, 560-61 (Fla. 1st DCA 1992). The resolution of a particular claim will, of course, rest upon the circumstances of that claim. Although not raised by the State or either the trial or appellate court, we note that Cottle has not expressly alleged in his postconviction petition that the plea offer by the State was for a more favorable sentence than he actually received. Because this omission has not heretofore been raised, Cottle should be given the opportunity to amend his petition when the case returns to the trial court.