773 So.2d 1188 (2000)
Tyrone D. LESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2650.
District Court of Appeal of Florida, Second District.
November 29, 2000.
*1189 PER CURIAM.
Tyrone D. Lester appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Lester was convicted of armed robbery and sentenced to life in prison with a mandatory minimum fifteen-year term as a habitual violent felony offender. He now raises five claims of ineffective assistance of counsel. For the reasons expressed below, we reverse as to three of his allegations; we affirm as to the other two without comment.
We first address two of Lester's claims, which we consider to be interrelated although Lester raised them separately. Lester first alleges that counsel failed to advise him that as a consequence of being habitualized he could receive a life sentence with a mandatory minimum fifteen-year term if convicted. He states that had he been aware of this potential penalty, he would have accepted the State's pre-trial plea offer of a guidelines sentence. He next alleges that counsel failed to advise him of the State's last plea offer of seventeen years made the morning of trial. He asserts that had counsel conveyed that offer, he would have accepted it. Both of these claims are facially sufficient. See, e.g., Hilligenn v. State, 660 So.2d 361 (Fla. 2d DCA 1995) (holding claim that counsel failed to convey a plea offer that was more favorable than the sentence imposed after trial together with an assertion that defendant would have pleaded had he or she known of the offer is facially sufficient), approved by Cottle v. State, 733 So.2d 963 (Fla.1999) (holding the inherent prejudice in such cases results from the defendant's inability, due to counsel's neglect, to make an informed decision whether to plea bargain).
The trial court apparently recognized that the claims were facially sufficient, denying them on the basis that they were conclusively refuted by the record. We cannot agree with the trial court's conclusion as to either claim. With regard to the first claim, the trial court found that it was refuted by counsel's statement that her partner had served Lester with the State's notice of intent to seek habitualization. Nowhere in the record attachments provided to this court does counsel state that she explained the direct consequences of habitualization to Lester. The mere fact that she had the notice served on him does not refute his claim that she failed to advise him what it meant.
The trial court then found Lester's claim that counsel did not convey the plea offer of seventeen years to be refuted by counsel's statement made immediately prior to trial that Lester had discussed entering a plea and she had tried her best to "sway" him to do that. The trial court then asked Lester if he wanted to go to trial, and he responded that he did. Nothing in this exchange indicates that counsel conveyed the seventeen-year plea offer; nor does the fact that Lester stated he wanted to go to trial necessarily refute his sworn contention that he would have accepted the seventeen-year offer if it had been conveyed. This claim like the one above will require an evidentiary hearing absent some record evidence which conclusively demonstrates both that the specific seventeen-year plea offer was conveyed and rejected, and that Lester was personally advised by counsel or the court that he was facing a potential life sentence with a mandatory minimum fifteen-year term if convicted.
We now turn to Lester's allegation that counsel was ineffective in preparing and presenting his motion to suppress. Specifically, Lester alleges that counsel erred in failing to call Detective Jones to testify at the hearing on the motion. Lester apparently confessed to another detective (Detective Purdue) during a custodial *1190 interview in July 1996. Lester alleges that while he was in custody prior to this interview, he advised Detective Jones that he did not want to talk to the police without an attorney present. Lester states that, despite this, Detective Jones reinitiated contact with him and brought Detective Purdue to interview him. If these allegations are true, Lester's confession would have been subject to suppression. See Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Traylor v. State, 596 So.2d 957 (Fla.1992).
The trial court denied this claim, finding that the record showed that Detective Jones' testimony would not have changed the outcome of the suppression hearing. The court based this conclusion on the fact that Detective Purdue conducted the interview and testified at the suppression hearing that he read Lester his Miranda[1] rights and Lester waived them. If Lester had in fact previously invoked his right to counsel, any waiver of Miranda without counsel was involuntary. See Edwards, 451 U.S. 477, 101 S.Ct. 1880. Thus, Detective Jones' testimony not only would have changed the outcome of the hearing but was, as Lester alleges, crucial to it.
We conclude therefore that Lester has adequately alleged that counsel erred in failing to call Detective Jones to testify. Lester asserts that the only evidence connecting him to this crime was his confession. Under these circumstances, we find Lester has sufficiently alleged prejudice as well. We therefore reverse and remand this claim for an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
PATTERSON, C.J., and CAMPBELL and BLUE, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).