SHARP, W., J.
Voehringer appeals from the summary denial of his post-judgment motion for relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He pled nolo con-tendere, pursuant to a plea bargain, to various criminal offenses and was sentenced to a total of eight years incarceration as a habitual felony offender. He filed a prior 3.850 motion with this court, which was denied December 27, 1999. Thus, this motion should have been denied as successive. See Fla.R.Crim.P. 3.850(f). However, the trial court denied this motion on the merits.
In this case, Voehringer argues that his trial counsel, Mr. Galluzzo, failed to communicate to him a plea offer by the state of five years incarceration as a habitual felony offender, and that due to this failure he was forced to accept the eight year plea offer. Based on the record attached to the summary denial, the court stated that the first plea offer was communicated to the first attorney who represented Voehringer, Mr. Galluzzo, and not the attorney who-represented him at the time of entering the plea. Mr. Galluzzo was permitted to withdraw as counsel, and there was a time delay before Voehringer obtained other counsel.
The court also found that after the delay the prosecutor withdrew the previously made offer of five years and did not intend to renew it. The prosecutor at the plea hearing indicated that the original plea offer had been withdrawn due to the number of criminal cases pending against Voehringer, of which he had not been aware, at the time of the first plea offer. At the time the plea was entered, there was no viable offer from the state for less than eight years. This is not a situation where the defendant went to trial because a plea offer was not communicated to him in a timely fashion. Cf., Cottle v. State, 733 So.2d 963 (Fla.1999).
AFFIRMED.
PETERSON and SAWAYA, JJ., concur.