PER CURIAM.
The appellant appeals the trial court’s summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court erred in denying three of the appellant’s facially sufficient claims without attaching record portions conclusively refuting his entitlement to relief, we reverse and remand the cause for further proceedings. We affirm the trial court’s order without discussion to the extent that it denied the appellant’s claim of ineffective assistance of counsel for failure to file a motion to withdraw his plea.
The appellant first claims that he was resentenced in violation of Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003), and double jeopardy principles, rendering his sentence illegal, and that counsel was ineffective for failure to object to the double jeopardy violation. He alleges that he was initially sentenced to 10 years’ imprisonment, followed by 10 years’ probation and that he began to serve that sentence before the trial court granted the state’s motion to correct sentencing error and resentenced him to a minimum mandatory 15 years’ imprisonment as a prison releasee reoffender. Once a legal sentence has been imposed and a defendant begins serving that sentence, the trial court cannot increase that sentence without violating double jeopardy. See Ashley, 850 So.2d at 1267. Because there is no indication on *217 the record that the state proved that the appellant qualified as a prison releasee reoffender prior to the imposition of the initial sentence, that sentence was presumptively legal. Assuming the appellant’s allegations to be true, the trial court violated Ashley and principles of double jeopardy in resentencing him to a more onerous term after he had begun serving a previously imposed legal sentence. The appellant has thus adequately alleged that his sentence is illegal and that counsel was ineffective for failure to object to the violation as he was prejudiced by the imposition of a more severe sentence. The trial court erred in denying these claims without attaching portions of the record that refute the appellant’s entitlement to relief.
The appellant also states a facially sufficient claim that his plea was involuntarily entered due to counsel’s ineffective assistance for failure to convey a favorable plea offer to him. See Cottle v. State, 733 So.2d 963, 966 (Fla.1999). The state concedes that the trial court erroneously denied this claim without attaching record portions to conclusively refute it. We therefore also reverse the trial court’s summary denial of this claim.
AFFIRMED in part, REVERSED and REMANDED in part.
KAHN, VAN NORTWICK and HAWKES, JJ., concur.