PER CURIAM.
Appellant, Ira Ferguson, appeals from an Order denying his Motion for Post Conviction Relief based on the alleged ineffective assistance of trial counsel, following an evidentiary hearing.
At the hearing on Appellant’s motion, a number of theories were presented by the Appellant. Specifically, Appellant claimed that trial counsel failed to communicate and advise Appellant of a State plea offer, and his legal rights and options concerning the plea; failed to prepare and litigate against Appellant’s confession; failed to present evidence and witnesses; interfered with Appellant’s right to testify; and failed to challenge the detention of the Appellant. Among other things, the trial court found that no plea offer was made and that Appellant waived his right to testify at trial; however, the court did not address Appellant’s waiver, if any, of his right to testify at the suppression hearing.
We find that the trial court’s findings are inconsistent with the Record evidence regarding the alleged plea offer; and that the trial court failed to make any findings regarding counsel’s interference with Appellant’s right to testify in his own defense at the suppression hearing.
Under Strickland v. Washington, a criminal conviction may be overturned for ineffective assistance of counsel if the convicted defendant can prove that the representation was deficient and that the deficiency prejudiced the client. 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Sochor v. State, 883 So.2d 766, 771 (Fla.2004). The State and the Appellant agree that the application of the Strickland standard by the trial court, regarding ineffective assistance of counsel will be given deference so long as the court’s findings are supported by “competent, substantial evidence.” Sochor, 883 So.2d at 781. Thus, if there is any evidence to support the trial court’s findings, the decision should be affirmed.
PLEA OFFER
Contrary to the finding of the trial court that “[tjhere was no plea to convey,” *471 the Record clearly reflects a plea was offered to the Appellant by the State. Trial counsel admitted below that a ten-year plea was offered by the State. Thus, there is no “competent, substantial evidence” to support the conclusion that no plea offer was offered to the Appellant.
In his testimony, trial counsel initially indicated that no plea offer was proffered by the State. “I’m not aware that any plea offer was extended to Mr. Ferguson because of the circumstances of the case.” Later during the same hearing, trial counsel gave the following testimony during questioning on behalf of Appellant:
Q: What was the plea offer?
A: I believe— if I can refresh my recollection, I believe there might have been a plea offer of ten years.
Q: That’s better than twenty.
A: Well, you don’t expect to lose.
Consequently, contrary to the trial court’s finding, it is clear a ten-year offer was made by the State.
Appellant also argues that even if trial counsel informed him of the State’s plea offer, trial counsel’s representation was deficient because trial counsel never discussed with him the strength of the State’s case, and never advised Appellant that he could take a conditional plea and appeal the denial of the motion to suppress his confession.
Florida Rule of Criminal Procedure 3.171(c)(2), requires defense counsel to inform his or her client of “(A) all plea offers; and (B) all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof, as well as any possible alternatives that may be open to the defendant.” The Florida Supreme Court held in Cottle v. State that ineffectively informing a client of a plea offer can constitute ineffective assistance of counsel. 733 So.2d 963, 966-67 (Fla.1999).
In the instant case, trial counsel admitted in his testimony, during Appellant’s Rule 3.850 hearing, that he never' discussed the possibility of a conditional plea with the Appellant.
Q: Do you know whether or not you can preserve a motion to suppress notice and the rule of a motion to suppress and still take advantage of plea negotiation?
A: Oh, sure. Absolutely.
Q: How do you do that?
A: You take a conditional plea.
Q: Okay. Did you ever discuss that with Mr. Ferguson?
A: No.
Moreover, the Record reflects that trial counsel failed to advise the Appellant regarding the strength of the State’s case.
Q: Mr. Kalish, did you — this is an open ended question. You can do what you want with it. But did you take the time to tell Mr. Ferguson or did you give him your benefit of your experience and counsel, listen, you’re facing life, they have the car, they have your presence with the car, they have the car being registered to your friend, they have the dead guy who was identified positively by the victim in your arms some hours after the robbery, they have a confession that’s going to come in against you. Now whether you did it or not, this is a pretty tough, indefensible case, maybe we can — we can take the ten, preserve the issue on the motion to suppress? Did you tell him in this case it’s bad, man, why do this, I can’t win this case?
A: I don’t think I told him it’s bad. I think it was a winnable (sic) case.
According to trial counsel’s own admissions, it is clear that a plea offer was proffered by the State and that trial coun *472 sel did not advise the Appellant about his plea options to the extent that the Appellant could make an informed decision regarding the offer. Consequently, on remand, the trial court must determine whether, considering the Record evidence, Appellant is able to establish that trial counsel was ineffective, and that Appellant was prejudiced as a result. Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Sochor, 883 So.2d at 771; Cottle, 733 So.2d at 966-969.
INTERFERENCE WITH RIGHT TO TESTIFY
Appellant raised two issues regarding his right to testify in his 3.850 motion, and at the hearing. Specifically, Appellant argued that trial counsel interfered with his right to testify in his own defense at both the hearing on Appellant’s motion to suppress and at Appellant’s trial.
The right to testify in criminal prosecutions is a mandatory, organic rule of procedure and a long-accepted constitutional principle.... [Hjowever, the right to testify is not so fundamental and personal that it can only be waived by the defendant; it may be waived by the defendant’s attorney in the absence of express disapproval on the record by the defendant during the pretrial or trial proceedings.
Cutter v. State, 460 So.2d 538 (Fla. 2nd DCA 1984) (internal citations omitted); see also Torres-Arboledo v. State, 524 So.2d 403, 410 (Fla.1998) (defendant has the right, under the due process clause of the United States Constitution, to testify in his or her own defense).
The Record clearly reflects that Appellant voluntarily waived his right to testify on his own behalf during trial; however, the court failed to make a finding or determination regarding Appellant’s waiver, if any, at the pretrial hearing.
On remand, the trial court must determine whether Appellant waived his right to testify at his pretrial hearing, and rule accordingly.
CONCLUSION
In light of the foregoing, we vacate the trial court’s Order on the ground that its finding that there was no plea offer is inconsistent with the Record and that it failed to make any findings regarding Appellant’s waiver of his right to testify at the pretrial hearing. Accordingly, we remand the matter for the trial court to determine and make findings of fact on the two issues.