932 So.2d 1170 (2006)
William Leslie BASS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5349.
District Court of Appeal of Florida, Second District.
June 30, 2006.
*1171 VILLANTI, Judge.
William Leslie Bass appeals an order summarily denying four of five claims raised in his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Bass' fifth claim which sought jail credit was granted and, therefore, was not appealed by Bass. We affirm without comment as to claims two, three, and four but write to explain our affirmance as to claim one.
In claim one of his motion, Bass claims that his counsel is at fault for the State withdrawing three plea offers that he had accepted. Bass argues that the State erroneously believed that he had a prior second-degree murder conviction. Bass had advised his counsel that his prior conviction was for assault with intent to commit armed robbery, not second-degree murder. Counsel failed to investigate. The State withdrew its previous offers for six, seven, and eight years and conveyed a ten-year plea offer. Bass rejected this final offer, went to trial, was convicted, and was thereafter sentenced to fifteen years in prison. Bass claims that if counsel would have investigated his prior criminal history and notified the State of its error, the State would have reinstated one of its prior offers, which Bass would have accepted. Consequently, Bass contends he was prejudiced by his counsel's failure to correct the factual misrepresentation concerning his prior record, resulting in a sentence greater than any one of the State's pretrial offers.
We affirm the trial court's summary denial because Bass' claim is insufficient on its face. To be successful, an ineffective assistance of counsel claim must satisfy both prongs of the Strickland test  deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To be entitled to an evidentiary hearing *1172 on a claim of ineffective assistance, the defendant must allege specific facts that are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant." Jones v. State, 845 So.2d 55, 65 (Fla.2003). The flaw in Bass' argument is that it assumes the State could not have withdrawn its offers had it been correctly informed as to his criminal history. Florida Rule of Criminal Procedure 3.172(f) states, "No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification." (Emphasis added.) The State could withdraw its plea offers to Bass at any time until a plea offer was formally accepted by the trial judge. The State was not obligated to inform Bass or his counsel why it was withdrawing its plea offers. And, even if the State's withdrawal was based on an inaccurate criminal history, it would not be obligated to reinstate its plea offers. Bass' claim is legally insufficient because it is pure speculation as to whether the State would have reinstated one of its prior offers if the prior record error was corrected  Bass' counsel cannot be ineffective for failing to provide the State with information that may have caused the State to reinstate a plea offer it was neither obligated to give or keep on the table.
Besides the plain language of rule 3.172(f) cited above, pure speculation cannot be a basis for postconviction relief. See Jones, 845 So.2d at 64 ("Postconviction relief cannot be based on speculative assertions."). Likewise, a defendant is not entitled to a plea offer from the State; that is a discretionary matter entirely within its executive domain. See Hitchcock v. State, 578 So.2d 685, 690 (Fla.1990), vacated on other grounds, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); see also Downs v. State, 386 So.2d 788 (Fla. 1980).
Bass' argument as to legal sufficiency is similar to that in Cottle v. State, 733 So.2d 963 (Fla.1999). In Cottle, the supreme court addressed the legal sufficiency of a claim raising ineffective assistance of counsel for failure to convey the State's plea offer. The court specifically rejected a pleading requirement "that the defendant must prove that a trial court would have actually accepted the plea arrangement offered by the state but not conveyed to the defendant." Id. at 969. Bass' claim is based on an allegation that trial counsel failed to correct a factual misrepresentation concerning his prior record, not that counsel failed to convey a plea offer. Therefore, Cottle is inapplicable.
Because Bass' claim is legally insufficient, we affirm the postconviction court's denial of his rule 3.850 motion.
Accordingly, we affirm.
NORTHCUTT and CASANUEVA, JJ., Concur.