965 So.2d 1240 (2007)
David W. WAINER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-1196.
District Court of Appeal of Florida, Fourth District.
October 3, 2007.
David W. Wainer, Polk City, pro se.
Bill McCollum, Attorney General, Tallahassee, and August Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
David W. Wainer appeals the summary denial of his motion filed in accordance with Florida Rule of Criminal Procedure 3.850. Through a previous appeal we concluded that Wainer's claim was timely and remanded the case for further review. Wainer v. State, 943 So.2d 894 (Fla. 4th DCA 2006). The order denying relief following remand accepted the state's position that the record refutes Wainer's claim associated with a favorable plea offer. We reverse and remand for the trial court to conduct an evidentiary hearing on Wainer's legally sufficient claim. Cottle v. State, 733 So.2d 963 (Fla.1999); Garcia v. State, 736 So.2d 89 (Fla. 4th DCA 1999); Gonzales v. State, 691 So.2d 602 (Fla. 4th DCA 1997).
We recognize that there is uncertainty about the specific term that Wainer claims was offered, and that in most cases this would render the claim legally insufficient. Wainer alleges that during recent discussions defense counsel commented: "maybe you should have taken the state's offer." According to Wainer, he told counsel that he would not have accepted the 24 or 28.7 year offer. Wainer alleges that counsel replied: "the state offered the lowest score at the bottom of the guidelines."
The record, which includes two plea forms, references Wainer's "guidelines" range as 28.7-35.8 years. However, it also includes a scoresheet that was prepared in one of the two cases that reflects a sentencing range of 17.7 years with a 29 year maximum.
As a result, we find that the claim was not conclusively refuted by record attachments and reverse and remand accordingly. On remand the trial court can consider the exact term offered and whether Wainer can demonstrate the requisite prejudice. Cottle.
Stone, POLEN and KLEIN, JJ., concur.