PER CURIAM.
 

 Appellant challenges the denial of a motion for posteonviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing.
 

 In his motion, Appellant alleges that counsel was ineffective for failing to convey a plea offer of three years’ imprisonment. In order to demonstrate ineffective assistance of counsel based on the failure to convey a plea offer, a defendant must prove “(1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced, (2) defendant would have accepted the plea offer but for the inadequate notice, and (3) acceptance of the State’s plea offer would have resulted in a lesser sentence.”
 
 Cottle v. State,
 
 733 So.2d 963, 967 (Fla.1999).
 

 Here, Appellant made all the required allegations. The trial court denied the claim on the basis of a statement made by Appellant during the plea colloquy. The following exchange occurred after Appellant apparently learned of the three-year offer for the first time:
 

 APPELLANT: Yeah. I mean, I just haven’t heard any — I mean, I hear the State saying that they offered me something. I haven’t heard of that. They said that I denied something in open court? I never denied any — any offer that they had given me. And I’ve — you know, I admit to the violation, but, I mean,
 
 I would be willing to get this off the docket today with six to nine months’ county jail time.
 

 COURT: Okay. Is there any offer from the State at this point?
 

 PROSECUTOR: No, Judge. It’s a plea straight up.
 

 (Emphasis added.)
 

 The trial court held that the highlighted language indicates that “[Appellant] in fact
 
 *593
 
 would not have accepted a three-year offer, but would have accepted an offer of six to nine months in the county jail.” We would conclude that the highlighted language is insufficient to conclusively refute Appellant’s assertion that he would have accepted a three-year plea offer. The highlighted language merely indicates an offer that Appellant was making to the State; it was not a declaration that a sentence of six to nine months was the only offer he was willing to accept.
 

 Accordingly, we REVERSE and REMAND for the trial court to conduct an evidentiary hearing on Appellant’s claim that counsel was ineffective for failing to convey a plea offer.
 

 VAN NORTWICK, THOMAS, and MARSTILLER, JJ., concur.