PER CURIAM.
Defendant timely appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. Defendant’s motion contained three claims of ineffective assistance of counsel. We affirm claims two and three without discussion and write only to address the allegations in claim one.
In claim one, Defendant argued that counsel failed to advise him of a plea offer for ten years’ imprisonment, and that he would face- a mandatory minimum of twenty years if convicted at trial. As to the second portion of this claim, we affirm the lower court’s ruling after finding that the claim is refuted by the record. Specifically, portions of the transcript reflect that counsel explained to Defendant the potential for a maximum of twenty years if convicted at trial.
As to the first part of the claim, Defendant alleged that counsel failed to communicate a plea offer of ten years’ imprisonment; that he would have accepted the plea had counsel so informed him; and that the plea would have resulted in a lesser sentence than the twenty years that were ultimately imposed. We find this claim to be sufficient under Cottle v. State, 733 So.2d 963 (Fla.1999).
The State contends that Defendant is not entitled to relief because he failed to detail when the offer was made, who made it, and who he heard it from after the trial. However, Cottle makes no such requirement. In fact, Cottle provides that these types of questions are to be determined at an evidentiary hearing. Cottle, 733 So.2d at 969, n. 6. Because the State provided no record evidence to prove that the alleged offer was not made, or alternatively, that the offer was properly conveyed, we reverse and remand this portion of the claim for an evidentiary hearing. See Dieudonne v. State, 993 So.2d 640, 641 (Fla. 4th DCA 2008).
Reversed and Remanded in part for an evidentiary on Defendant’s Cottle claim in ground one; Affirmed as to the remaining grounds.
TAYLOR, HAZOURI and GERBER, JJ., concur.