DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL GOLDBERG,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3426

[January 6, 2016]

Appeal of order dismissing rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 08-021163CF10A.

Michael Goldberg, Bowling Green, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Michael Goldberg appeals the summary denial of his rule 3.850 motion for post-conviction relief, in which he alleged seven claims of ineffective assistance of counsel. We reverse and remand for further proceedings as to Goldberg's claim that counsel failed to convey a plea offer. We affirm the denial of Goldberg's remaining claims without comment.

Following a jury trial, Goldberg was convicted of two counts of battery on a law enforcement officer and aggravated fleeing and eluding. The trial court imposed two terms of ten years in prison as to the battery charges and one term of thirty years in prison as to the aggravated fleeing and eluding, all habitual felony offender sentences, to run concurrently.

Goldberg alleges that counsel failed to inform him of a plea offer of fifteen years in prison. He claims that if he had been properly informed, he would have accepted the plea and would not have gone to trial. Acceptance of this offer would have resulted in a lesser sentence than the thirty years in prison he is currently serving.

Under the law in effect at the time his motion was filed, Goldberg's claim is facially sufficient. *Cottle v. State*, 733 So. 2d 963 (Fla. 1999), required a defendant to allege only that (1) counsel failed to convey a plea offer; (2) he would have accepted the plea offer but for counsel's failure to convey it; and (3) acceptance of the plea would have resulted in a lesser sentence than was ultimately imposed. *See id.* at 967.

Because Goldberg's claim is facially sufficient under *Cottle* and is not conclusively refuted by the record, the trial court erred in summarily denying it. After Goldberg's motion was filed, the Florida Supreme Court decided *Alcorn v. State*, 121 So. 3d 419 (Fla. 2013), in which it receded from *Cottle* and held that a defendant must also allege that the prosecutor would not have withdrawn the plea offer and the court would have accepted it. *See Alcorn*, 121 So. 3d at 429-30. Accordingly, we reverse and remand for further proceedings as to Goldberg's claim that counsel failed to convey a plea offer of fifteen years in prison.

*Affirmed in part, reversed in part, and remanded.*

TAYLOR, CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2