GRIFFIN, J.
George W. Parks (“appellant”) appeals the denial of his rule 3.850 motion for post-conviction relief. We find no merit to the issues raised by appellant, save one.
Appellant argues that he was entitled to an evidentiary hearing on his claim that he received ineffective assistance of counsel because he was misinformed by counsel regarding the maximum sentence he could receive if he went to trial. Appellant claims that he was unaware that by proceeding to trial he could receive thirty (30) years as an habitual offender, while the State had offered seven years in the DOC or five years in the DOC followed by four years’ probation. Appellant maintains that trial counsel told him that, if convicted and habitualized, he could be given a maximum sentence of ten years in the DOC. He maintains that he decided to reject the offer because the maximum penalty was only a few more years in the DOC than the offer being made by the State. He contends that, had he known he could have been sentenced to thirty years in the DOC, he would have accepted the plea offer made by the State. See Gant v. State, 777 So.2d 455 (Fla. 1st DCA 2001); Lewis v. State, 751 So.2d 715 (Fla. 5th DCA 2000); Lester v. State, 773 So.2d 1188 (Fla. 2d DCA 2000).
The trial court denied the claim because appellant acknowledged on the record the plea offer made by the State; that the State would not seek habitual offender status if he accepted the offer; and that the State would not object to concurrent sentencing. While appellant was plainly aware of the terms of the offer made by the State, his claim is based on allegations that he was misinformed about the sentence he could receive if he rejected the plea. The trial court must either attach portions of the record demonstrating that this claim is without merit or afford Parks an evidentiary hearing.
AFFIRMED in part; REVERSED in part.
PETERSON and PLEUS, JJ., concur.