SAWAYA, J.
Joseph Cutuli appeals the summary denial of his motion for postconviction relief, which was filed in accordance with rule 3.850, Florida Rules of Criminal Procedure. Cutuli entered nolo contendere pleas to numerous felonies and was sentenced to a total of thirty-six years’ incarceration. Cutuli’s judgment and sentence were affirmed on appeal. Cutuli v. State, 806 So.2d 498 (Fla. 5th DCA 2002).
Cutuli raises several claims for postcon-viction relief, two of which have merit and require an evidentiary hearing. Cutuli states that he has a history of mental and physical problems associated with drug and alcohol abuse and was taking the prescription psychotropic drug Paxil at the time he entered his pleas. He alleges that he was informed by counsel that the court should not be made aware of any of those circumstances and that counsel told him to falsely represent to the court that he was not on medication. Cutuli further claims that he consistently told counsel he did not understand what was going on, but counsel replied, “Don’t worry, I’ll take care of it.”
The attachments to the order denying relief do not conclusively refute Cutu-li’s claim that he was told by counsel to conceal his use of medication at the time he entered his pleas. Moreover, the attached plea hearing transcript shows that Cutuli was not asked whether he was taking any medication. The plea colloquy in this case was perfunctory and contained no inquiry as to Cutuli’s mental state, despite the fact that he had been examined by court-appointed doctors prior to the pleas to determine his competency. The limited plea colloquy does not conclusively refute Cutuli’s allegation that he was confused and did not understand the terms of the plea agreement. Hence, an evidentiary hearing is necessary to determine the truth of the allegations and whether Cutuli understood the charges against him and the consequences of the pleas. Doward v. State, 802 So.2d 518 (Fla. 5th DCA 2001).
Cutuli also claims that his plea was not knowingly entered because counsel told him that the maximum sentence he could receive was twenty years’ incarceration, when in fact he was sentenced to thirty-six years’ incarceration. Cutuli asserts that he entered his pleas in reliance on this misrepresentation and would not have entered the pleas had he known that additional incarceration could be imposed. The attachments to the order denying relief fail to refute Cutuli’s claim that counsel *166 misadvised him as to the maximum penalty involved and fail to show that this alleged misimpression was subsequently corrected by the court. Neither the written plea agreement nor the plea colloquy advised Cutuli as to the maximum sentence he could receive. See Fla. R.Crim. P. 3.172(c)(1). Thus, we conclude that this claim also requires an evidentary hearing: See Wilson v. State, 593 So.2d 1216 (Fla. 2d DCA 1992); see also Parks v. State, 814 So.2d 1135 (Fla. 5th DCA 2002); Simpson v. State, 741 So.2d 1241 (Fla. 5th DCA 1999); Swain v. State, 699 So.2d 318 (Fla. 1st DCA 1997).
The order denying postconviction relief is reversed in part and remanded for an evidentiary hearing on the two grounds discussed above. We affirm the order denying relief as to the other grounds raised in the motion.
AFFIRMED IN PART, REVERSED IN PART; REMANDED.
PETERSON and PLEUS, JJ., concur.