WEBSTER, J.
In his petition seeking a writ of certiora-ri, petitioner asserts that the trial court departed from the essential requirements of the law when it denied his petition for a writ of mandamus challenging the Department of Correction’s determination that he was not entitled to earn incentive gain-time while serving a mandatory-minimum term for trafficking in cocaine pursuant to section 893.135, Florida Statutes (2000). We agree and, accordingly, grant the petition, quash the trial court’s order and remand for further proceedings.
After pleading guilty to trafficking in cocaine, petitioner was sentenced to 60 months in prison with a three-year mandatory minimum pursuant to section 893.135. While petitioner was serving his three-year mandatory minimum, the Department did not award incentive gain-time because of its interpretation of section 893.135(3), which provides that “[a] person sentenced to a mandatory minimum term of imprisonment under this section is not eligible for any form of discretionary early release, except pardon or executive clemency or conditional medical release under s. 947.149, prior to serving the mandatory minimum term of imprisonment.” After exhausting his administrative remedies, petitioner sought a writ of mandamus in the trial court, claiming that he was eligible to earn incentive gain-time while serving his mandatory-minimum term because the Department had based its denial on the erroneous conclusion that incentive gain-time was a “form of discretionary early release.” The trial court agreed with the Department’s interpretation of section 893.135(3), and denied the petition.
Although the legislature has not explicitly defined the term “discretionary early release,” a review of the legislative *514 history of section 893.135(3) and the language of other mandatory-minimum statutes supports petitioner’s contention that incentive gain-time is not a form of “discretionary early release.” In 1999, the legislature amended section 893.135(3) to provide that persons are not eligible for “discretionary early release” during the service of a mandatory-minimum term except in very limited circumstances. Ch. 99-188, § 9, at 1061-62, Laws of Fla. Petitioner correctly notes that the proposed amendment to section 893.135(3) at one point provided:
A person sentenced to a mandatory minimum term of imprisonment under this section is not eligible for any form of gain time under s. 944.275 or any form of discretionary early release, except pardon or executive clemency or conditional medical release under s. 947.149, prior to serving the mandatory minimum term of imprisonment.
Fla. S. Jour. 1284, 1419-20 (Reg. Sess. 1999) (emphasis added). However, the language “any form of gain time under s. 944.275 or” was removed from the amendment in the House of Representatives before its adoption during the 1999 regular legislative session. Fla. H.R. Jour. 1911— 12, 2199 (Reg. Sess. 1999); Fla. S. Jour. 1865 (Reg. Sess. 1999). One of the sponsors of this change, Representative Beryl D. Roberts, remarked that the purpose of deleting the gain-time ineligibility language was to reduce the amount of the sentence to be served from 100 percent to 85 percent. Fla. H.R., tape recording of proceedings (Apr. 30, 1999) (available at Fla. Dep’t of State, Fla. State Archives, Tallahassee, Fla.) (remarks of Rep. Beryl D. Roberts). This appears to be a reference to the statutory provision that allows a prisoner to earn incentive gain-time as long as it does not result in the prisoner’s release prior to serving a minimum of 85 percent of the sentence imposed. § 944.275(4)(b)3, Fla. Stat. (2000). Accordingly, the removal of the gain-time ineligibility language appears to have been the result of an intentional decision by the legislature to allow prisoners to earn incentive gain-time during the service of a mandatory-minimum term. Cf. Don King Prods., Inc. v. Chavez, 717 So.2d 1094, 1095 (Fla. 4th DCA 1998) (noting that “courts may properly take notice of changes made to a bill during the process of enactment” when construing the statute ultimately enacted).
This conclusion is further supported by an examination of other mandatory-minimum statutes. There are several mandatory-minimum statutes which provide that a person sentenced to a mandatory-minimum term “is not eligible for statutory gain-time under s. 944.275 or any form of discretionary early release, other than pardon or executive clemency or conditional medical release under 947.149, prior to serving the mandatory minimum sentence.” § 316.1935(6), Fla. Stat. (2004-2005); § 775.087(2) & (3), Fla. Stat. (1996-2005); § 784.07(3)(b), Fla. Stat. (1996-2005); § 794.0115(7), Fla. Stat. (2003-2005). In addition, “violent career criminals” are “eligible for gain-time granted by the Department of Corrections as provided in s. 944.275(4)(b)” but are “not eligible for any form of discretionary early release, other than pardon or executive clemency, or conditional medical release granted pursuant to s. 947.149.” § 775.084(4)(k), Fla. Stat. (1999-2005). Clearly, these provisions treat statutory gain-time and “discretionary early release” as distinct concepts. Thus, when the legislature intends to prohibit individuals from being eligible for gain-time during the service of a mandatory-minimum term of imprisonment, it uses explicit language to that effect. By not including such language in section 893.135(3), the legislature has demonstrated its intent to permit the award of incen *515 tive gain-time during the service of a mandatory-minimum sentence. See State v. McKenzie, 574 So.2d 1176, 1179 (Fla. 5th DCA 1991) (Sharp, J., dissenting) (noting that, “[w]hen the legislature prohibits gain time in some mandatory minimum statutes and not in others[,] it indicates a legislative intent to permit gain time in those cases where it is not prohibited”). See also James v. Dep’t of Corr., 424 So.2d 826, 827 (Fla. 1st DCA 1982) (noting that, “where a statute enumerates the things on which it is to operate, it is ordinarily construed as excluding from its operation all those not expressly mentioned”).
Finally, if there is any ambiguity in the language of section 893.135(3), we must construe it in favor of the accused. See § 775.021(1), Fla. Stat. ,(2000). While the award of incentive gain-time is discretionary, it will not necessarily result in a prisoner’s early release prior to the service of a mandatory-minimum term of imprisonment. This is especially true when the prisoner has been sentenced to a term longer than the mandatory-minimum term or when the prisoner’s incentive gain-time is forfeited in subsequent disciplinary proceedings. Because incentive gain-time is not properly considered a form of “discretionary early release” under section 893.135(3), we conclude that the trial court departed from the essential requirements of the law when it concluded that petitioner was not eligible for incentive gain-time during the service of his mandatory-minimum term for drug trafficking. Accordingly, we grant the petition, quash the trial court’s order and remand for further proceedings consistent with this opinion.
PETITION GRANTED.
WOLF and BROWNING, JJ., concur.