EVANDER, J.
Ferrara appeals the summary denial of his motion for postconviction relief. We affirm as to the denial of Ferrara’s second claim, but reverse as to the first claim. We conclude that the record does not conclusively refute Ferrara’s allegation that his counsel was ineffective in misadvising him regarding the maximum sentence he could receive if found guilty after trial, which caused him to reject a favorable plea offer from the State. See Wright v. State, 892 So.2d 1209 (Fla. 5th DCA 2005) (where defendant alleged that counsel advised him that he faced maximum sentence of fifteen years in prison when he actually faced life imprisonment and defendant rejected favorable plea offer of two years in prison, defendant sufficiently alleged prejudice even though he only received fifteen-year prison sentence); see also Parks v. State, 814 So.2d 1135 (Fla. 5th DCA 2002); Lester v. State, 773 So.2d 1188, 1189 (Fla. 2d DCA 2000) (mere fact that defense counsel advised defendant that State had served notice of intent to seek habitualization did not mean counsel had explained to defendant what habitualization meant).
As the attachments to the trial court’s order did not conclusively refute Ferrara’s first claim, we reverse and remand for the trial court to attach portions of the record refuting the claim or to hold an evidentiary hearing.
AFFIRMED, in part; REVERSED, in part; REMANDED.
SAWAYA and COHEN, JJ., concur.