ORFINGER, J.
David T. Pylant filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Py-lant sought to withdraw his plea or be resentenced in accordance with his understanding of the plea agreement, the trial court treated his motion as one filed under Florida Rule of Criminal Procedure 3.850, and summarily denied it. We reverse, as the record does not conclusively refute Pylant’s claim of affirmative misadvice by counsel.
Pylant pled guilty to attempted sexual battery. He was sentenced to ten years in prison followed by ten years of sex offender probation. Following his release from prison, Pylant admitted that he violated probation (VOP), and was sentenced to 140 months in prison, with credit for the time spent in jail after his VOP arrest. The trial court also directed the Department of Corrections (DOC) to compute Pylant’s prison credit. In his postconviction motion, Pylant claimed that his counsel informed him that the State had offered a 140-month sentence recommendation and his prior ten-year sentence, including gain time, would be deducted from his newly-imposed sentence. He alleged that had he been advised that DOC would forfeit his original gain time (547 days), he would not have entered the plea.
Affirmative misadvice by counsel as to gain time or the actual sentence length is a cognizable basis for postconviction relief, and an evidentiary hearing must be held unless the record conclusively refutes the claim. See State v. Leroux, 689 So.2d 235, 236 (Fla.1996). A defendant’s general acknowledgment that no one had made any promises to induce the plea is insufficient to conclusively rebut a misadvice claim. Id. at 237. The plea colloquy in the instant case does not conclusively refute Pylant’s misadvice claim, nor did the written plea make clear that DOC had the discretion to forfeit gain time. If Pylant can prove at an evidentia-ry hearing that he relied on counsel’s erroneous advice that his previous gain time would not be forfeited, then he would be entitled to withdraw the plea.
For these reasons, we reverse the order denying relief and remand the case for an evidentiary hearing.
REVERSED and REMANDED.
GRIFFIN and EVANDER, JJ., concur.