PER CURIAM.
Corey Denard Thomas (“Thomas”) appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. After a jury trial, Thomas was convicted of trafficking in illegal drugs in an amount exceeding 28 grams, but less than 30 kilograms, and was sentenced to serve 30 years in the Department of Corrections, with a 25-year minimum mandatory sentence. See § 893.135(l)(c)l.e., Fla. Stat. (2012). Thomas alleged five claims in his motion. “To uphold the trial court’s summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.” Foster v. State, 810 So.2d 910, 914 (Fla.2002) (quoting Peede v. State, 748 So.2d 253, 257 (Fla.1999)). Furthermore, because no evidentiary hearing was held, we “must accept the defendant’s factual allegations as true to the extent they are not refuted by the record.” Occhicone v. State, 768 So.2d 1037, 1041 (Fla.2000) (citing Peede, 748 So.2d at 257).
In his first claim, Thomas averred that he rejected the State’s initial 15-year offer based on misadvice from his counsel that he would not be eligible to earn any incentive gain-time. Citing to Mastay v. McDonough, 928 So.2d 512 (Fla. 1st DCA 2006), Thomas asserts that he was eligible to earn incentive gain-time even during the service of a mandatory minimum term for drug trafficking. In his second claim, Thomas argued that he was denied effective assistance of counsel in considering whether to accept the State’s plea offers to a lesser sentence because his counsel misadvised him that the maximum sentence he could receive if convicted at trial was the 25-year minimum mandatory sentence and not the 30-year sentence later imposed.
Affirmative misadvice by counsel as to gain-time is a cognizable ground for postconviction relief. Pylant v. State, 134 So.3d 533, 534 (Fla. 5th DCA 2014). Mis-advice as to the maximum possible sentence is also a cognizable ground for post-conviction relief. Ferrara v. State, 114 So.3d 990 (Fla. 5th DCA 2012). Our review of the record reveals that these two claims are not conclusively refuted by the records attached to the order and are not facially invalid. We, therefore, reverse that part of the order under review that summarily denies claims one and two and *1086 remand with instructions that the trial court either attach portions of the record that conclusively refute these claims, or grant an evidentiary hearing. In all other respects, the order is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
TORPY, C.J., BERGER and LAMBERT, JJ., concur.