# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**WILSON HARVEY SHAFER, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-3182

[August 9, 2023]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 432018CF001138.

Wilson Harvey Shafer, Jr., Madison, pro se.

Ashley Moody, Attorney General, Tallahassee, and Sorraya M. Solages-Jones, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Wilson Harvey Shafer, Jr., appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, in which he raised six grounds for relief. We affirm as to grounds two through six but reverse and remand for an evidentiary hearing on ground one.

Appellant was charged and convicted of one count of trafficking methamphetamine. The trial court sentenced appellant to seventeen years in prison with a fifteen-year mandatory minimum. In ground one of his rule 3.850 motion, appellant argued his trial counsel misadvised him about a plea offer. Appellant alleged his trial counsel misinformed him that the offer was for a "day for day" fifteen-year sentence and that he would not receive any gain time or early release. Appellant also alleged that, but for counsel's misadvice, he would have accepted the fifteen-year plea offer wherein he would have been eligible to receive incentive gain time and serve 85% of that sentence (12.75 years) rather than the seventeen-year term imposed after trial. *See Alcorn v. State*, 121 So. 3d 419, 422 (Fla. 2013) (outlining the requirements for a successful claim for

collateral relief, including that defendant would have taken the plea upon proper advice); *Mastay v. McDonough*, 928 So. 2d 512, 515 (Fla. 1st DCA 2006) (holding defendant was "eligible for incentive gain-time during the service of his mandatory-minimum term for drug trafficking").

The trial court summarily denied the claim, relying on comments made by appellant's counsel below at the sentencing hearing. Appellant's counsel below acknowledged appellant's offense required a mandatory fifteen-year prison term and commented the term would be a "de facto" life sentence because appellant was seventy-one years old. Thereafter, appellant's counsel below said:

> Quite frankly, that was one of the major factors in why Mr. Shafer decided to go forward on a trial on a case like this, because the only chance we had of getting below the mandatory minimum was if the jury came back with a lesser included offense that would have either a lower mandatory minimum or no mandatory minimum at all, . . . and there was a lot of factors involved in Mr. Shafer's decision, but that's why he wanted to go to trial and preserve as many rights as he possibly could.

Appellant's claim is facially sufficient under *Alcorn*, and the State in its response below conceded error by acknowledging the trial court should have conducted an evidentiary hearing to resolve the issue. *See Thomas v. State*, 162 So. 3d 1084, 1085 (Fla. 5th DCA 2015) (recognizing that misadvice as to gain time is a cognizable ground for collateral relief). The comments above made by appellant's counsel below are not inconsistent with appellant's allegations, nor do they refute his claim of misadvice. *See id.*

We therefore reverse the summary denial of ground one and remand for an evidentiary hearing on that ground only. We affirm the trial court's summary denial of appellant's other claims.

*Affirmed in part; reversed and remanded in part.*

KLINGENSMITH, C.J., WARNER and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2