752 So.2d 75 (2000)
Lawrence Edward PENDARVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-216.
District Court of Appeal of Florida, Second District.
February 18, 2000.
*76 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Chief Judge.
Lawrence Pendarvis was tried and convicted of 129 counts of possession of child pornography. Because of gross prosecutorial misconduct in closing argument, we reverse and remand for a new trial.
Pendarvis was employed by the Polk County Health Unit at the Department of Health and Rehabilitative Services (HRS). He had his own office and computer. Susan Helms, the administrative services director, and Thomas Letts, a temporary computer systems analyst, became suspicious of Pendarvis's guarded and secretive use of his computer.
Helms asked Letts to secure Pendarvis's computer, which he did by removing the hard drive. He also removed a ZIP drive from a bag sitting on the floor and another hard drive from a desk drawer. He locked these items in a file cabinet. When Pendarvis returned to the office, Helms told him of the seized property and placed him on administrative leave. Pendarvis demanded the return of the hard drives, which Helms refused.
On the next day, Letts accessed one of the hard drives and found child pornography. He delivered the hard drive to an HRS attorney, who in turn delivered it to the sheriffs department. Detective Nolan Allen of the Polk County Sheriffs Department searched the hard drive and reproduced from it the child pornography photographs which are the subject of this case. No search warrant to access the hard drive was obtained.
Pendarvis moved to suppress the photographs, and the trial court denied the motion. In this appeal, he seeks review of that order. This issue has not been preserved. When the State moved to admit the photographs into evidence, Pendarvis's only objection was that they were not the best evidence. A pretrial motion to suppress is not preserved for appellate review unless the defendant makes a specific, contemporaneous objection at the time the evidence is admitted. See Davis v. State, 728 So.2d 341 (Fla. 1st DCA 1999). Pendarvis also challenges the constitutionality of section 827.071(5), Florida Statutes (1995), and raises reasons why he should not be prosecuted for numerous photographs which are contained on a single computer hard drive. Because we have *77 determined that a new trial is required, we do not reach these issues.
During the trial, Pendarvis was described as being shy and introverted. In closing argument, the prosecutor used a large notepad on which he had listed various points. The notepad was displayed to the court and defense counsel. Defense counsel found nothing listed to be objectionable. The notepad was then turned towards the jury and its contents were no longer visible to defense counsel or the trial judge. One of the words written on the notepad was "introvert." During argument, the prosecutor, without saying anything to indicate what he was doing, scratched through the "intro" in "introvert" and replaced it by "per," thus transforming the word to "pervert." Defense counsel only became aware of this when he later viewed a videotape of the trial. As a result, he filed a motion for new trial which the trial court denied.
The prosecutor's representation was critically prejudicial to Pendarvis because it was his primary defense that Letts or someone else had downloaded the pornography to his hard drive after it was removed from his possession. To underhandedly characterize him to the jury as a pervert was not only improper in that it was obviously intended to inflame the jury, but also was a clear violation of a prosecutor's duty to fairly present the evidence and permit the jury to come to a fair and impartial verdict. As Judge Blue recognized in his specially concurring opinion in Palazon v. State, 711 So.2d 1176, 1178 (Fla. 2d DCA 1998):
The problem of improper argument is not of recent origin. In Washington v. State, 86 Fla. 533, 98 So. 605 (1923), Justice Terrell wrote:
It is proper to state in this connection that excessive vituperation or ridiculous epithets are out of place and should not be indulged in criminal prosecutions. The prosecuting attorney occupies a semijudicial position. He is a sworn officer of the government, with no greater duty imposed on him than to preserve intact all of the great sanctions and traditions of the law. It matters not how guilty a defendant in his opinion may be, it is his duty under oath to see that no conviction takes place except in strict conformity to law. His primary considerations should be to develop the facts and the evidence for the guidance of the court and jury, and not to consider himself merely as attorney of record for the state, struggling for a verdict.
The State concedes that the prosecutor's comments were improper, but urges us to consider them to be harmless error, an invitation that we decline to accept.
Reversed and remanded for a new trial.
WHATLEY and STRINGER, JJ., Concur.