PER CURIAM.
We affirm the order denying post-conviction relief in all respects. Insofar as appellant is challenging the denial of his motion to disqualify the judge for ex parte communications, not only does the motion appear untimely, but it is meritless. Cf. Nassetta v. Kaplan, 557 So.2d 919, 921 (Fla. 4th DCA 1990), declined to extend on other grounds by Wargo v. Wargo, 669 So.2d 1128 (Fla. 4th DCA 1996). The communication about which appellant complains occurred when the prosecutor asked the court a procedural question during a bench conference while jury strikes were being exercised and defense counsel may have been conferring with his client at counsel’s table. We do not consider this an ex parte communication, and it was not prejudicial. The motion was therefore legally insufficient.
Appellant also makes a claim of a violation of Coney v. State, 653 So.2d 1009 (Fla.), cert. denied by, 516 U.S. 921, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). However, the transcript of the jury selection conclusively disproves his claim because it shows that appellant was present when all defense peremptory challenges were used and that he actually conferred with his trial counsel during the process.
Appellant’s next argument relates to the failure of trial counsel to request a jury instruction regarding statements of co-conspirators pursuant to section 90.803(18)(e), Florida Statutes (1997), because the jury was never told that it had to determine whether the other evidence of the conspiracy was sufficient before it could consider the co-conspirator’s statement. Because we agree with the state’s response that there was ample evidence presented of the conspiracy, and the co-conspirator testified at trial, the absence of the jury instruction was harmless. Appellant has not shown any prejudice under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Finally, the trial court did not deny Evans due process by entering its amended order denying the motion before his reply was filed. Rule 3.850(d) of the Florida Rules of Criminal Procedure does not provide for the filing of a reply, although in practice, replies are often filed and considered by the court before it rules. The rule provides that after the state’s “answer” to the motion is filed, if the trial court finds that an evidentiary hearing is not required, “the judge shall make appropriate disposition of the motion.” Evans does not cite any authority for the proposition that due. process requires that a mov-ant be afforded the opportunity to file a reply to the state’s response. Huff v. State, 622 So.2d 982 (Fla.1993), relied on by appellant, is inapplicable and is a death penalty case. In Groover v. State, 703 So.2d 1035, 1038 (Fla.1997), the court explained, “our holding in Huff was limited to initial death penalty postconviction motions.” (Citation omitted).
Affirmed.
WARNER, C.J., GUNTHER, and POLEN, JJ., concur.