857 So.2d 1006 (2003)
Rollie GILLIAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1628.
District Court of Appeal of Florida, Fourth District.
November 5, 2003.
*1007 Rollie Gilliam, Indiantown, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Rollie Gilliam appeals the summary denial of his Rule 3.850 motion for postconviction relief alleging ineffective assistance of counsel in the failure to convey a plea offer. We reverse and remand for an evidentiary hearing.
Gilliam was arrested and charged with driving with no license. After jury trial, he was convicted and, based on this offense, found in violation of probation for a prior case. Gilliam filed the instant motion for postconviction relief wherein he alleged that he contacted defense counsel after sentencing and learned for the first time that the State had offered a plea bargain prior to trial of nine years in prison in exchange for guilty pleas to all outstanding charges. Gilliam attached to his motion a handwritten note allegedly from defense counsel explaining that a motion for rehearing would be filed on the ground Gilliam "did not know [he] could have got 9 years for everything-all the cases." Gilliam also attached to his motion a copy of a Motion to Set Aside Findings of Guilt filed by defense counsel a few days after sentencing.
In response, the State asserted that "the undersigned Assistant State Attorney has further consulted both the prosecutor and defense counsel ... who recall this case clearly and neither party recalls any nine year State Prison offer prior to trial." The State's response was sworn and notarized. No record attachments were included or referenced in the state's response. The trial court denied Gilliam's motion based solely on this response.
On appeal, the State challenges the genuineness of the handwritten note Gilliam attached to his motion. The State also contends the response below provided "documentation, under oath, that no plea had been offered to Appellant." Further, the state argued the Motion to Set Aside Findings of Guilt filed in the underlying case did not support Gilliam's claim that a plea offer had been made. We reject the State's arguments.
Failure to properly convey a plea offer can constitute ineffective assistance of counsel. Smith v. State, 825 So.2d 1012 (Fla. 4th DCA 2002), rev. denied, 842 So.2d 846 (Fla.2003). When the alleged ineffectiveness concerns the rejection of a plea offer, the defendant must prove: (1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced; (2) defendant would have accepted the plea offer but for the inadequate notice; and (3) acceptance of the State's plea offer would have resulted in a lesser sentence. Cottle v. State, 733 So.2d 963, 967 (Fla.1999).
Gilliam's motion was legally sufficient. As a result an evidentiary hearing is necessary unless the trial court attaches "a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief." Fla. R.Crim. P. 3.850.
*1008 In this case, the trial court relied on the factual assertions in the State's response in denying the motion. No portions of the record were attached to conclusively refute Gilliam's claim. The State's "sworn" response that the prosecutor and defense counsel were contacted and denied the existence of such a plea offer was not record evidence refuting Gilliam's claim. The State's attempt to refute Gilliam's claim by going outside the record was legally insufficient. The trial court erred in relying on that information to summarily deny the claim. Vencil v. State, 715 So.2d 334 (Fla. 1st DCA 1998).
The attachment of portions of the record to the order of denial is essential for this court to perform its review function under Florida Rule of Appellate Procedure 9.140(g). Jackson v. State, 602 So.2d 696 (Fla. 4th DCA 1992). If the record does not conclusively refute a facially sufficient claim, then an evidentiary hearing must be held. Otherwise, a movant would have no way to challenge the assistant state attorney's assertions of fact.
The State's contention that the note provided by Gilliam is not genuine does not refute Gilliam's claim. A court reviewing the summary denial of a postconviction motion must assume the truth of the movant's allegations unless refuted by the record. See Valle v. State, 705 So.2d 1331, 1333 (Fla.1997).
Furthermore, the State's assertion that the Motion to Set Aside Findings of Guilt in no way supports Gilliam's claim that a plea offer was made is inaccurate. The Motion to Set Aside Findings of Guilt stated as grounds that the defendant "feels he was laboring under a misunderstanding as to the State's Plea Offer." Thus, the motion shows a plea offer was made at some point. The record indicates a hearing was held on the motion. A transcript of this hearing could have shed light on the issue in this case.
We reverse and remand for an evidentiary hearing on Gilliam's claim. Gilliam must be appointed counsel for the hearing.
KLEIN, TAYLOR and MAY, JJ., concur.