868 So.2d 613 (2004)
Smith DESSIN a/k/a Dessin Smith, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-186.
District Court of Appeal of Florida, Second District.
March 12, 2004.
*614 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Smith Dessin appeals from the trial court's denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, contending that he was entitled to an evidentiary hearing on two of his claims for relief. We affirm as to one claim and reverse as to the other.
Dessin first contends that he was entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to object at trial to the admission of evidence that was the subject of a pretrial motion to suppress. There is no question that "[a] pretrial motion to suppress is not preserved for appellate review unless the defendant makes a specific, contemporaneous objection at the time the evidence is admitted." Pendarvis v. State, 752 So.2d 75, 76 (Fla. 2d DCA 2000); see also D.T.N. v. State, 826 So.2d 365, 366 (Fla. 2d DCA 2002). Therefore, if trial counsel did not object at trial to the admission of the evidence that was the subject of the motion to suppress, that issue was not properly preserved for review, and counsel's performance was deficient.
The record in this case, however, shows that trial counsel did adequately preserve the motion to suppress for review. Dessin's pretrial motion sought to suppress a diaper bag and cocaine seized from him when he was stopped by police. It is clear from the record that if the diaper bag was illegally seized, the cocaine would have to be suppressed because it was wholly contained within the diaper bag. It is equally clear that if the diaper bag was properly seized, there was no independent basis for suppressing the cocaine. Thus, the admissibility of the cocaine depended entirely on the admissibility of the diaper bag. At trial, counsel renewed the objection to the admission of the diaper bag on the same grounds asserted in the motion to suppress. Because of the interdependence of the diaper bag and cocaine, that objection was sufficient to preserve the issues raised in the motion to suppress as to both the diaper bag and the cocaine. Thus, trial counsel properly preserved the issue for review, and trial counsel's performance was not deficient. Accordingly, we affirm the trial court's summary denial of this claim.
Dessin also contends that he was entitled to an evidentiary hearing on his claim that trial counsel was ineffective for failing to object to the diaper bag admitted into evidence at trial, which he contends was not the diaper bag seized from him by the police. The trial court ordered the State to respond to this claim, and Dessin contends that the trial court improperly relied on the State's unsworn response and extra-record documents to summarily deny him relief on this claim without an evidentiary hearing. We agree.
Courts have repeatedly held that neither the State nor the trial court may go outside the record to refute a defendant's allegations in a motion for postconviction relief. See, e.g., Flores v. State, 662 *615 So.2d 1350, 1351-52 (Fla. 2d DCA 1995); Cintron v. State, 508 So.2d 1315 (Fla. 2d DCA 1987); Gilliam v. State, 857 So.2d 1006 (Fla. 4th DCA 2003). If the record does not conclusively refute the defendant's claim, the trial court must hold an evidentiary hearing to allow the defendant the opportunity to challenge the State's assertions of fact and to resolve any disputes of fact. Gilliam, 857 So.2d at 1008.
Here, the State's unsworn response to the trial court's order asserts that the prosecutor went to the evidence custodian and took photographs of the diaper bag actually admitted into evidence. The State's response also asserts that the diaper bag in the photographs matches the description of the diaper bag seized from Dessin. However, besides being unsworn, the State's response fails to even purport to establish the chain of custody of the photographed diaper bag. Moreover, the photographs themselves are outside the record, having been created by the State in response to Dessin's motion. It is clear that the trial court relied solely on the State's unsworn response and newly created photographs to deny Dessin's motion without an evidentiary hearing. This was error. Dessin must be afforded an evidentiary hearing so that he can challenge the State's factual assertions that the diaper bag in the photographs is, in fact, the diaper bag that was admitted at trial, as well as the one seized from him by the police. Accordingly, we reverse the summary denial of relief on this claim and remand for an evidentiary hearing on this claim only.
Affirmed in part; reversed in part; and remanded for further proceedings.
CASANUEVA and DAVIS, JJ., concur.