993 So.2d 640 (2008)
James DIEUDONNE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2812.
District Court of Appeal of Florida, Fourth District.
November 12, 2008.
*641 James Dieudonne, Madison, pro se.
No appearance required for appellee.
DAMOORGIAN, J.
James Dieudonne appeals the trial court's summary denial of his Florida Rule of Criminal Procedure 3.850 motion in which he alleged ineffective assistance of counsel. We affirm without further discussion on all but two of Dieudonne's grounds for relief.
As to the first ground in support of his rule 3.850 motion, Dieudonne alleges that his trial counsel failed to convey to him the State's offer of a sixty-month prison sentence in exchange for a guilty plea. He asserts that, had he been informed of the offer, he would have accepted it and received a lesser sentence than he received after his trial.
To make a facially sufficient claim of ineffective assistance of counsel for failure to convey a plea offer, the defendant must allege that "(1) counsel failed to communicate a plea offer or misinformed defendant concerning the penalty faced, (2) defendant would have accepted the plea offer but for the inadequate notice, and (3) acceptance of the State's plea offer would have resulted in a lesser sentence." Cottle v. State, 733 So.2d 963, 967 (Fla.1999). Dieudonne's motion satisfies the requirements set forth in Cottle and, accordingly, his claim is facially sufficient. Although the State denied the existence of such a plea offer, the State has not provided record evidence that conclusively refutes Dieudonne's claim. See Gilliam v. State, 857 So.2d 1006, 1008 (Fla. 4th DCA 2003) (stating that the State's "sworn" response denying that the defendant received a plea offer was not record evidence). Accordingly, an evidentiary hearing is necessary to resolve this claim *642 and, therefore, we reverse and remand for an evidentiary hearing.
Next, Dieudonne claims that his trial counsel was ineffective because he failed to object to a possible Bruton violation.[1] When a trial court summarily denies a rule 3.850 motion, it must "either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion." Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993) (citing Hoffman v. State, 571 So.2d 449, 450 (Fla.1990)). The trial court's order denying Dieudonne's motion incorporates the State's response and attachments thereto. In its response the State cites to portions of the trial transcript to support its argument that Dieudonne was not prejudiced by his counsel's failure to object because the co-defendant's counsel made the objection, which the trial court overruled. However, those portions of the transcript upon which the State relied were not attached to the State's response or otherwise included in the record on appeal. In Gilliam, we stated that "[t]he attachment of portions of the record to the order of denial is essential for this court to perform its review function." 857 So.2d at 1008. Accordingly, we reverse and remand for attachment of the specific parts of the record that refute Dieudonne's second claim.
Affirmed in part; Reversed in part.
WARNER and GROSS, JJ., concur.
NOTES
[1] Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).