PER CURIAM.
Appellant, Gabriel Rodriguez-Lara, appeals the denial of his motion for postcon-viction relief under Florida Rule of Criminal Procedure 3.850 without an evidentiary hearing. We reverse and remand the denial of Grounds 1, 2, and 3, for the trial court to conduct an evidentiary hearing because appellant stated legally valid claims that are not conclusively refuted by the record. We affirm as to Ground 4.
“A court’s decision whether to grant an evidentiary hearing is subject to de novo review.” Owen v. State, 986 So.2d 534, 543 (Fla.2008).
[A] defendant is entitled to an eviden-tiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient. The defendant bears the burden of establishing a prima facie case based upon a legally valid claim. Mere conclusory allegations are not sufficient to meet this burden. However, in cases where there has been no evidentiary hearing, we must accept the factual allegations made by the defendant to the extent that they are not refuted by the record. We must examine each claim to determine if it is legally sufficient, and, if so, determine wheth *1197 er or not the claim is refuted by the record.
Williamson v. State, 994 So.2d 1000, 1006 (Fla.2008) (quoting Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000)). To determine the facial or legal sufficiency of a claim of ineffective assistance of counsel, the court applies the two-pronged test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Jones v. State, 845 So.2d 55, 65 (Fla.2003) (“To be entitled to an evidentiary hearing on a claim of ineffective assistance, the defendant must allege specific facts that are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant.”). Failure to sufficiently allege both prongs results in a summary denial of the claim. Spera v. State, 971 So.2d 754, 758 (Fla.2007).
Appellant was convicted of one count of burglary with assault or battery and one count of aggravated battery on his estranged wife. In Ground 1, appellant claimed that trial counsel was ineffective for failing to call his girlfriend as a witness to establish his defense to the burglary charge. He asserted that she would have testified that he had gone to the house late at night because he could not get his wife on the phone and was worried about his family. When he got there, the door was open and his daughter let him in. He asserted that his girlfriend was willing to testify and that she was waiting outside the courtroom expecting to testify. He attached her affidavit and asserted in Ground 2 that, because trial counsel did not call her to testify, he presented no defense to the burglary charge. Thus, appellant stated a facially sufficient ground for relief under Spera, 971 So.2d at 758 (where the claim is that trial counsel was ineffective for failing to call a witness, in addition to alleging the identity of the witnesses, the substance of their testimony, and how he was prejudiced, a movant must allege that the witness was available to testify at trial).
The trial court summarily denied Ground 1, concluding that appellant could not establish that trial counsel was deficient because the affidavit attached to appellant’s motion was inconsistent with the transcript of the sworn statement the appellant had given to investigators. “However, in cases where there has been no evidentiary hearing, we must accept the factual allegations made by the defendant to the extent that they are not refuted by the record.” Freeman, 761 So.2d at 1061. Nor does the record conclusively refute appellant’s assertions. It establishes that he informed the trial court before trial that trial counsel “didn’t look into” the girlfriend as a potential witness. While the appellant’s pre-trial statement did contradict the girlfriend’s affidavit on some points, it also corroborated appellant’s assertion that she would testify that he did not enter the house with the intention of battering the victim.
Finally, appellant asserted that the trial court improperly relied on the appellant’s statement because is it not part of the files and record in this case. See Dessin v. State, 868 So.2d 613, 614 (Fla. 2d DCA 2004) (“[Njeither the State nor the trial court may go outside the record to refute a defendant’s allegations in a motion for postconviction relief.”). It is not possible to discern from the record before us on appeal whether that statement was part of the files and record. On remand, the trial court must verify that the statement is part of the record before relying on it.
Ground 2 was completely intertwined with Ground 1, in that appellant asserted that trial counsel was ineffective for failing to present a defense to the burglary charge. Trial counsel called no *1198 witnesses and argued only briefly in closing that the State had not proved appellant intended to assault or batter the victim when he entered the house. Due to a total lack of evidence, however, he could not offer any explanation for why appellant had entered the house in the first place.
An evidentiary hearing is required to determine the extent that trial counsel’s argument may have been shaped by strategic choices to which appellant agreed. See Harris v. State, 768 So.2d 1179, 1183 (Fla. 4th DCA 2000) (full exploration of the trial attorney’s strategy decisions and communications with his client required, unless proving prejudice is impossible because the asserted “defense would have been severely undermined by the wealth of incriminating evidence before the jury”). There is not a wealth of incriminating evidence on the element of intent in this case. The only evidence that appellant intended to batter the victim when he entered the house was the fact that he entered the house without permission at night and ultimately battered her.
In Ground 3, appellant asserted that trial counsel conceded guilt to aggravated battery as a lesser included offense of the charge of attempted first degree murder without his permission. “[T]he effectiveness of counsel for conceding the guilt of a client is to be evaluated under the Strickland, standard.” Cox v. State, 966 So.2d 337, 366 (Fla.2007).
The record establishes that, before trial, trial counsel told the trial court that appellant had agreed to concede guilt to a lesser charge of domestic battery, but that he had not gone over his opening statement with appellant. Appellant asserted that he had agreed to concede guilt to simple battery, but that trial counsel conceded guilt to aggravated battery by repeatedly describing the battery in emotional and inflammatory terms that prejudiced the jury against him and made it impossible to argue that he had merely committed a simple battery. We agree.
Evidence was presented that appellant had choked the victim. Some of her hair had been pulled out, and she had bruises and small scratches on her neck and arms and some bite marks. She had, however, suffered no permanent injuries and agreed that her injuries were superficial. Before the jury heard this evidence, however, trial counsel had conceded that appellant had battered his wife and had described the “domestic battery” in opening statement as “a severe beating ... domestic violence ... a very bad ugly thing.... The beating is awful.... It is a terrible thing....”
In closing argument, trial counsel continued by describing it as “a violent battery ... an act of violence ... a beating.” He did make one short argument in closing that this was a “simple battery.” However, the jury was not instructed on crimes named “domestic battery” or “simple battery.” It was instructed only that it could find appellant guilty of “aggravated battery” if the victim suffered great bodily harm. It could find appellant guilty of “battery” if the victim suffered bodily harm. Neither “great bodily harm” nor “bodily harm” was defined in the instructions.
Under these facts, where the difference between a finding of guilty for battery versus aggravated battery was how the jury felt about the harm caused to the victim, trial counsel’s repeated use of emotional and inflammatory terms to describe the battery was the functional equivalent of a concession that appellant had committed aggravated battery. As a result, the only issue for the trial court to resolve on remand is whether appellant agreed to the strategy used by trial counsel.
*1199 In Ground 4, appellant argued that trial counsel was ineffective for failing to object when the state impermissibly argued in closing that the jury was the “conscience of the community.” Standing alone, this failure does not constitute ineffective assistance of counsel because the improper comment was isolated at the end of closing argument, with the result that appellant cannot establish sufficient prejudice to require a new trial. Zack v. State, 911 So.2d 1190, 1206 (Fla.2005). Accordingly, appellant cannot cure the deficiency by amending his pleading, and we affirm the summary denial of Ground 4 with prejudice. Oquendo v. State, 2 So.3d 1001, 1006 (Fla. 4th DCA 2008) (Under Spera, 971 So.2d at 755, the movant should be granted “a reasonable opportunity to amend insufficient claims unless the deficiency cannot be cured.”).

Affirmed in Part, Reversed in Part and Remanded.

HAZOURI, MAY and DAMOORGIAN, JJ., concur.