*219
 
 DAVIS, Judge.
 

 Michael Ray Barnes challenges the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850(b) in which he raised six claims. We affirm the postconviction court’s order as to all claims except claim five, which we reverse and remand for further proceedings.
 

 In September 2006, Barnes was found guilty by a jury of one count of capital sexual battery and two counts of battery. He was sentenced to life in prison on the sexual battery conviction and to time served on the two battery convictions. Barnes filed his rule 3.850(b) motion on May 18, 2009, raising six claims of ineffective assistance of counsel. On June 9, 2009, the postconviction court ordered the State to respond. After reviewing the State’s response and its attached record documents, the court summarily denied Barnes’ motion.
 

 Order Adopting and Incorporating State’s Response
 

 In denying Barnes’ motion, the postconviction court “adopted and incorporated” the State’s response without making specific findings or attaching record documents to its order. When a court summarily denies a rule 3.850 motion, it must “either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion.”
 
 Anderson v. State,
 
 627 So.2d 1170, 1171 (Fla.1993). However, the rules of criminal and appellate procedure do not preclude a court from incorporating a re
 
 *220
 
 sponse from the State if the State has provided the necessary record documents.
 
 Langdon v. State,
 
 947 So.2d 460, 461 n. 2 (Fla. 3d DCA 2006);
 
 cf. Burnett v. State,
 
 983 So.2d 1282 (Fla. 2d DCA 2006) (reversing the summary denial because neither the trial court’s order nor the State’s incorporated response appended any record);
 
 Dieudonne v. State,
 
 993 So.2d 640, 642 (Fla. 4th DCA 2008) (concluding that if the trial court, as its basis for a rule 3.850 denial, incorporates the State’s response, which cites to but does not attach necessary record documents that are not otherwise included in the record on appeal, the trial court’s order must be reversed and remanded). Because the requisite record documents in this case are attached to the State’s response and are included in our record on appeal, we do not find it necessary to reverse the postconviction court’s order on the basis of wholesale incorporation of the State’s response. However, we reiterate that the better practice is for the court to either attach those specific parts of the record that refute each claim or to discuss its rationale in its order.
 

 Failure to Request a Richardson Hearing
 

 Barnes’ fifth claim raises ineffective assistance based on counsel’s failure to request a hearing pursuant to
 
 Richardson v. State,
 
 246 So.2d 771 (Fla.1971), after learning of an alleged discovery violation by the State that ultimately deprived Barnes of an opportunity to present testimony questioning the veracity of the child witness. This claim is facially sufficient, the record on appeal does not refute the claim, and the State’s response wholly fails to address defense counsel’s alleged deficient performance or whether Barnes’ case was prejudiced by counsel’s inaction. We therefore reverse the denial of claim five and remand the case for further proceedings.
 
 See Collins v. State,
 
 671 So.2d 827, 828 (Fla. 2d DCA 1996).
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and KHOUZAM, JJ., Concur.