PER CURIAM.
The trial court’s order summarily denying appellant’s motion for post-conviction relief is summarily reversed. It is well-settled that when a trial court summarily denies a rule 3.850 motion without an evi-dentiary hearing, it must “either state its rationale in its decision or attach those specific parts of the record that refute each claim presented in the motion.” Anderson v. State, 627 So.2d 1170, 1171 (Fla.1993) (citing Hoffman v. State, 571 So.2d 449, 450 (Fla.1990)). See also Walkes v. State, 9 So.3d 774 (Fla. 4th DCA 2009); Terry v. State, 970 So.2d 863 (Fla. 4th DCA 2007); Smith v. State, 956 So.2d 1266 (Fla. 4th DCA 2007). The trial court’s order in this case did neither. We therefore summarily reverse and remand for the attachment of portions of the record which conclusively refute appellant’s claims, an evidentiary hearing, or a statement of the trial court’s rationale for its decision on the multiple claims for post-conviction relief raised in this 92-page motion, excluding exhibits and other attachments. Of course, the trial court may order a response from the state before ruling on the claims, if necessary.

Reversed and remanded for further proceedings.

MAY, C.J., GROSS and TAYLOR, JJ., concur.