PER CURIAM.
James Roberts appeals the denial of his motion for postconviction relief, which he filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse and remand in part.
Roberts’ pro se motion asserted four grounds for relief: his sentence was illegal (ground 1), his due process rights were violated (ground 2), his Fourth Amendment rights were violated (ground 3), and his trial counsel was ineffective (ground 4). This fourth ground was divided into fourteen subclaims.
Initially, the postconviction court denied grounds 2 and 3, finding them procedurally barred, and those claims are not the subject of Roberts’ appeal. The court ordered the State to respond to grounds 1 and 4. After the State filed its response, the court granted Roberts a hearing on two sub-claims: claim 4(C), alleging ineffective assistance of counsel for failure to call witness Travis Downey to testify at trial; and claim 4(M), alleging ineffective assistance of counsel for failure to object to certain costs imposed at sentencing. At that point, the postconviction court’s order did not dispose of any of the other pending claims.
After an evidentiary hearing, the post-conviction court denied Roberts relief on claim 4(C) and granted him relief on claim 4(M) by vacating certain costs. We affirm without discussion the postconviction court’s ruling on claim 4(C). However, the court’s final order also summarily denied all other pending claims without any explanation, nor was one provided at the hearing. Roberts argues in this appeal that the court erred in its summary denial of those claims. We agree and reverse and remand for further proceedings as to those claims.
In its response to Roberts’ postconviction motion below, the State argued that the court should deny ground 1, as well as claims 4(A), (B), (D), (E), (F), (G), (I), (J), (K), (L), and (N) because they were allegedly refuted by the record. The State’s response argued that claim 4(H) was facially insufficient, but acknowledged that a facially insufficient claim should be dismissed with leave to amend. The postcon-viction court’s order summarily denied all these claims without leave to amend and without stating the basis for denial. Under the facts of this case, this was error since it effectively foreclosed our ability to fully review the order on appeal.
If a postconviction court denies a claim as facially insufficient, it must grant the defendant an opportunity to amend the motion within a specified period of time. Spera v. State, 971 So.2d 754, 761 (Fla.2007). And if the court summarily denies a facially sufficient claim based on the record, it must either state its rationale in its order or attach those parts of the record that conclusively refute each of the defendant’s claims. See Barnes v. State, 38 So.3d 218, 219 (Fla. 2d DCA 2010); Holley v. State, 67 So.3d 443 (Fla. 4th DCA 2011). Here, the postconviction court did neither.
We recognize that the rules of criminal procedure do not preclude a post-conviction court’s order from simply adopting and incorporating the State’s response — without having to make specific findings or attaching records to its order— when the State has provided record documents that conclusively refute a claim.[1] *870 See, e.g., Barnes, 38 So.3d at 219-20; Thier v. State, 84 So.3d 365 (Fla. 4th DCA 2012). However, in this case the order did not expressly adopt and incorporate the State’s response. Additionally, we cannot simply conclude based on the record that the postconviction court sub silentio adopted or incorporated the State’s response as part of its order. For example, the State’s response specifically stated that claim 4(H) should be dismissed as facially insufficient, but that Roberts should be granted leave to amend that claim. Yet, the court’s order summarily denied all remaining claims and inexplicably ignored the State’s response as to claim 4(H). Thus, on these facts we cannot infer — nor should we have to — the postconviction court’s reasons for denying the claims as we cannot with certainty conclude that the postconviction court implicitly adopted and incorporated the State’s response.
We therefore reverse and remand for specific consideration of the claims that were summarily denied after the State filed its response. If the court again summarily denies those claims, its order shall explain the rationale for its denial, or it shall attach those portions of the record that conclusively refute those claims.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
VILLANTI, LaROSE, and CRENSHAW, JJ., Concur.

. As we have done in the past, we again reiterate "that the better practice is for the *870 court to either attach those specific parts of the record that refute each claim or to discuss its rationale in its order.” Barnes, 38 So.3d at 220.