NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EDWIN ROLLINS, #X78152, )
)
    Appellant, )
)
v. )    Case No. 2D17-209
)
STATE OF FLORIDA, )
)
    Appellee. )
_____ )

Opinion filed June 8, 2018.

Appeal from the Circuit Court for Polk
County; Wayne M. Durden, Judge.

Edwin Rollins, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.

SILBERMAN, Judge.

        Edwin Rollins appeals the summary denial of his motion for postconviction

relief filed pursuant to Florida Rule of Criminal Procedure 3.850 that raises four claims

of ineffective assistance of counsel.[1] We affirm without comment the summary denial of

---

[1]After reviewing the initial pro se brief, this court ordered the State to file
an answer brief. The State filed its answer, and Rollins then filed a reply.

claims three and four.  We reverse the summary denial of claims one and two because the record attachments do not conclusively refute those claims, and we remand for an evidentiary hearing.

On April 10, 2013, Rollins was charged with burglary of an unoccupied dwelling and resisting arrest without violence.  The State filed the charges after Rollins entered a neighbor's apartment to hide from law enforcement.  After a Faretta[2] hearing on July 10, 2013, Rollins was allowed to represent himself.  At some point he had counsel reappointed, and on October 9, 2013, again requested to represent himself, which the trial court allowed after another Faretta hearing.  Rollins represented himself at his jury trial on October 23, 2013, and was convicted of both charges.  He had new counsel appointed for sentencing in December 2013.  The trial court sentenced Rollins to seven years in prison to be followed by five years of probation for burglary and to time served for resisting arrest.

Rollins filed a motion for postconviction relief and an amended motion which were both dismissed.  He timely filed the operative motion, his second amended motion.  Claims one and two are related.  Rollins alleged that he advised counsel when they first met that he had permission to enter the residence and requested that counsel verify his invited entry defense.  In claim one, Rollins alleged that the State had made two favorable plea offers—an offer of one year and an offer of five years.  Rollins alleged that counsel failed to advise or discuss with Rollins the evidence against him, particularly the victim's statement made on the night Rollins was arrested in which she asserted that she did not give Rollins permission to enter her residence.  He also

_____

[2]Faretta v. California, 422 U.S. 806 (1975).

alleged that counsel failed to advise him of the maximum penalty he faced. In claim two, Rollins asserted that counsel failed to "compel" the victim's statement and discuss it with Rollins before he rejected the favorable plea offer of one year.

Rollins alleged that he rejected the plea offers not knowing the strength of the State's case against him or the maximum penalty he faced. If counsel had informed him that the victim had asserted in her statement that she did not give Rollins permission to enter her residence and the maximum penalty he faced, Rollins would have accepted the offers that were less severe than the sentence he received of seven years in prison, followed by five years of probation.

The postconviction court ordered the State to respond, and the State filed a response with attachments. The postconviction court summarily denied the claims. In doing so, the court attached and incorporated the State's response in the court's one-page order. Rollins timely appealed.

Rollins asserts on appeal that the postconviction court failed to attach any records to its order that conclusively refute his claims. In doing so, he contends that the State's response does not constitute record attachments. As the State argues in its answer brief, the postconviction court may incorporate the State's response in its order, although it is not the favored practice. See Barnes v. State, 38 So. 3d 218, 219-20 (Fla. 2d DCA 2010). The postconviction court's incorporation of and reliance on the State's record attachments is not a ground for reversal.

Rollins also asserts that the postconviction court erred in summarily denying his motion before he filed his reply to the State's response. The State is correct that rule 3.850 does not provide for a reply but contemplates only a motion and an

- 3 -

answer.  See Fla. R. Crim. P. 3.850(f)(6); see also Evans v. State, 764 So. 2d 822, 823 (Fla. 2000) (determining that the defendant was not denied due process when the trial court disposed of the postconviction motion before the defendant filed a reply).  Thus, the postconviction court did not err in entering its order before Rollins filed a reply.

As to the merits, Rollins contends that the postconviction court should have conducted an evidentiary hearing on claims one and two because they are fact-based claims which were not conclusively refuted by record attachments.  Our review of the summary denial of a rule 3.850 motion is de novo.  Jennings v. State, 123 So. 3d 1101, 1121 (Fla. 2013).  The court reviewing a summary denial of a postconviction claim under rule 3.850 must accept the allegations in the motion as true unless they are refuted by the record.  Id.  Generally, an evidentiary hearing is warranted unless (1) the record conclusively shows that the defendant is not entitled to relief, or (2) the claim is legally insufficient.  Id.  It is the defendant's burden to establish a prima facie case on the basis of a legally valid claim.  Id.

To prove a claim of ineffective assistance of counsel, the defendant must establish "(1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense."  Alcorn v. State, 121 So. 3d 419, 425 (Fla. 2013) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  In the context of misadvice leading to a rejection of a plea offer,

> to establish prejudice, the defendant must allege and prove a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the

offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 430.

Rollins alleged all four elements in claims one and two. At issue on appeal is only the first element, whether Rollins would have accepted the offer had counsel advised him properly. Based on the State's response, the postconviction court summarily denied the claims, stating that "the Defendant was well aware of the facts of his case and seemed uninterested in plea negotiations." In its response, the State relied on a letter Rollins wrote to the trial court that was filed on October 10, 2013, and one sentence from Rollins' mother's statement at the sentencing hearing on December 12, 2013, to argue that the record conclusively refuted his claims.

In Rollins' letter he expressed his desire to exercise his speedy trial rights and stated that the victim did not want anything to do with the case and had not been showing up to court dates. At the sentencing hearing, Rollins' mother stated that Rollins "was offered at one point a year in the county jail, but at the advisement of his lawyer he told him that he could possibly get it trespassing [sic] because of the nature of it."

The State also argued in its response that Rollins did not allege whether the plea offer was made prior to the decision to represent himself or when he rejected the offer. Thus, the State asserted below and in its answer brief that claims one and two are also facially insufficient.

In his second amended motion, Rollins alleged that counsel brought the plea offers to him. Rollins also alleged counsel conveyed the first plea offer to him shortly after they had their first meeting. Rollins further alleged that at no time did counsel discuss the benefits of accepting the plea or possible consequences of

rejecting it. Rollins also alleged that he requested counsel to verify his invited entry defense and that he rejected the offer "while awaiting for his invited entry defense to be verified." These allegations are sufficient to show that counsel conveyed the plea offers and allegedly misadvised Rollins while Rollins was represented by counsel.

With respect to whether the claims are conclusively refuted by the record attachments incorporated in the postconviction court's order, Rollins' letter of October 10, 2013, does not conclusively refute the claim. In determining the prejudice prong, the courts consider "the circumstances as viewed *at the time of the offer* and what would have been done *with proper and adequate advice*." Id. at 432; see also Armstrong v. State, 148 So. 3d 124, 126 (Fla. 2d DCA 2014). The letter does not indicate what Rollins knew at the time of the offer about the victim's statement to law enforcement or about the maximum penalty of fifteen years that he faced for the second-degree felony. The letter also does not indicate what he would have done with proper and adequate advice.

Similarly, the mother's statement at sentencing does not conclusively refute Rollins' claim. The mother told the court that counsel advised Rollins that "he could possibly get it trespassing [sic]." Her statement does not address whether counsel failed to provide information on the victim's statement or the maximum penalty Rollins faced or what Rollins would have done with proper advice.

Thus, we reverse the summary denial of claims one and two and remand for the trial court to conduct an evidentiary hearing on the claims. See Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows

- 6 -

conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.").

Affirmed in part, reversed in part, and remanded.


CRENSHAW and BADALAMENTI, JJ., Concur.