DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT JEAN MORRIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2334

[January 8, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. 14-14141CF10A.

Marcia J. Silvers of Marcia J. Silvers, P.A., Miami, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant, Robert Morris, appeals the summary denial of his rule 3.850 motion for post-conviction relief. Following a jury trial, Morris was found guilty of second-degree murder and possession of a firearm with the serial number removed. The trial court sentenced him to sixty years in prison with a twenty-five-year mandatory minimum as to the murder count and one day in county jail as to the possession count. Morris' judgments and sentences were affirmed on direct appeal. *Morris v. State*, 232 So. 3d 1031 (Fla. 4th DCA 2017).

Morris thereafter filed a rule 3.850 motion where he raised four grounds of ineffective assistance of counsel. After the State filed its response, the trial court summarily denied the motion for the following reasons:

> Defendant's claims are either legally insufficient, refuted by the record, or are issues which should have been raised on appeal. . . . [N]one of the . . . claims raised by the Defendant in his motion meet the requirements set forth in *Strickland*, are refuted by the record, and therefore his motion is denied.

The court did not attach any records to its order.  This appeal follows.

Following this Court's order to show cause why the matter should not be remanded to the trial court for attachment of records conclusively refuting each of the claims raised in Morris' motion, the State conceded error.  Based on this confession of error, we reverse and remand for specific consideration of the claims that were summarily denied after the State filed its response.  If the trial court again summarily denies those claims, it must either explain the rationale for the denial, or attach those portions of the record that conclusively refute the claims.  *See* Fla. R. Crim. P. 3.850(f)(5) (providing that if a motion is legally sufficient but the grounds listed therein can be conclusively resolved by reliance upon the record, the portion of the record that conclusively shows that the defendant is not entitled to relief must be attached to the order); *Roberts v. State*, 113 So. 3d 868, 870 (Fla. 2d DCA 2012) ("[W]e cannot simply conclude based on the record that the postconviction court *sub silentio* adopted or incorporated the State's response as part of its order.").

*Reversed and remanded for further proceedings consistent with this opinion.*

DAMOORGIAN, CIKLIN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2