# Third District Court of Appeal
## State of Florida

Opinion filed April 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1337
Lower Tribunal No. F19-593
_____

**Shane Kopp,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Shane Kopp, in proper person.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. See Truehill v. State, 358 So. 3d 1167, 1186 n.12 (Fla. 2022)

(arguments raised for first time in reply brief are waived); <u>Barnes v. State</u>, 38 So. 3d 218, 219–20 (Fla. 2d DCA 2010) ("[T]he rules of criminal and appellate procedure do not preclude a court from incorporating a response from the State if the State has provided the necessary record documents." (citing <u>Langdon v. State</u>, 947 So. 2d 460, 461 n.2 (Fla. 3d DCA 2006))); <u>McGee v. State</u>, 903 So. 2d 1041, 1042 (Fla. 5th DCA 2005) ("Although no weapon or firearm was recovered, and, consequently, none was introduced as evidence at trial, sufficient testimony was presented from which the jury could reasonably conclude that [the defendant] possessed a firearm during the commission of these offenses."); <u>Akins v. State</u>, 838 So. 2d 637, 639 (Fla. 5th DCA 2003) (finding "[i]t is not fatal to the prosecution if the state does not introduce the weapon into evidence" where the "direct evidence and the circumstantial evidence" supported conviction).